TERRENCE BRAZIL, Appellant, *vs.* LAWRENCE MORAN, *et al.*, Respondents.

APPEAL FROM THE DISTRICT COURT OF SCOTT COUNTY.

The husband alone is liable for torts committed by him and the wife together.

Where the wife alone commits a tort in the company of the husband, he, *prima facie*, is alone liable therefor; but the presumption of coercion arising from his presence, may be rebutted by proofs, showing that he did not influence or assent to the act of the wife. In such a case the wife may be held jointly liable with the husband.

Points and Authorities of Appellant.

I.—It was not error for the Court to refuse to charge the jury, "That in no case under the evidence can the Plaintiff recover damages against Margaret Moran, because the evidence shows that she was in the presence of her husband, and, as a matter of law, is presumed to have acted under and

in accordance with the direction and command of her husband."

1. Because such an issue as coercion of the wife by the husband is not embraced in the pleadings. The answer confesses an assault and battery on the part of Michael Moran and John Devits, and avoids it by matter in justification; and the other Defendants deny the assault and battery, and also plead matter in mitigation of damages. The question of coercion of the wife by the husband is not raised in the pleadings, and the case must stand before the Court to be heard *secundum allegata et probata*, and a party is not allowed to state one defence or case, and make out a different one by proof. *Story, J., in* 2 *Sumner*, 206, 209; *Baldwin, J., in* 10 *Peters R.*, 177, 209; 1 *Greenl. Ev., sec.* 51; *Gould Pl., ch.* 4, *sec.* 7, *p.* 173.

2. If the coercion of the wife by the husband is a good defence on the part of the wife, it should have been pleaded, and not having been pleaded, it is not available in this action.

3. Even if it were available to her in this action, the other Defendants cannot avail themselves of the alleged error to obtain a new trial on their part, for it is no error as to them.

4. But coercion by the husband is not a good defence on the part of the wife in a civil action for an assault and battery, for all persons who direct or assist in committing a tort, are liable as principals. 1 *Chit. Pl.*, 65, 67, 82, 91; *Thorp vs. Barling*, 11 *John. R.*, 285; 2 *Saund,*, 47; *Shipwick vs. Blanchard*, 6 *J. R.*, 300; 4 *John. R.*, 285; 1 *Russ. on Crimes*, 18 to 26, *and notes; Menham vs. Edmonson*, 1 *Bos. & Pul.*, 369; *Wara vs. Heyden*, 2 *Esp. R.*, 553; *Marston vs. Lawrence & Dayton*, 1 *John. Cases*, 397; *Corn vs. Cherchett*, 5 *Mass.*, 174; *Fluster vs. Bole*, 1 *Camp.*, 187; *Jaques v. Methodist Church*, 17 *Johns.*, 548.

5. If it was right for the Court to charge " that as a matter of law, the wife, acting in the presence of her husband, is presumed to have acted under and in accordance with the direction and commands of her husband," yet it would be error to also charge the jury, as requested, " that in no case under the evidence can the Plaintiff recover damages against her," for that would make the Court, and not the jury, the judge of the evidence and of the question of coercion, for the presence

of the husband is only *prima facie* presumptive evidence of coercion, which may be rebutted by the other circumstance of the case, or by any proof of the exercise of free will by the wife. See authorities as to coercion above.

6. Whether coercion is a defence, is a question of law for the Court, and whether the presence of the husband is *prima facie* evidence of coercion, is also a question of law for the Court, but whether in a particular case under the whole circumstances of the case and of the whole evidence, the mere presence of the husband does or does not prove coercion, is a question of fact for the jury to find from the whole evidence, and not for the Court to instruct, and therefore the refusal to charge the 7th proposition is right. *Young vs. Spencer*, 10 *Barn. & Cress.*, 145, *cited in G. & W. on New Trials*, 267; *Holliday vs. Atkinson*, 5 *Barn. & Cress.*, 501, *cited in* 1 *G. & W., New Trials*, 203; *Jackson vs. Parks*, 9 *Cow.*, 73; *Utica Ins. Co. vs. Badger*, 3 *Wend.*, 102; 11 *Pick.*, 368; 12 *Mass.*, 22; 12 *John.*, 513.

7. The presumption of coercion of the wife, arising from the mere presence of the husband, may be rebutted by any circumstance or fact from which it can be inferred that she acted with a free will. 1 *Russ. on Crimes*, 18 *to* 26 *and notes.*

8. In the case at bar the presumption of coercion which arises only from the mere presence of the husband, is rebutted by the facts and circumstances of the transaction, as it appears from the evidence, and was rightly left to the jury.

Points and Authorities for Respondents.

I.—The complaint alleges, and it is not denied by the answer, that Margaret Moran is the wife of the Defendant, Lawrence Moran.

The testimony of the Plaintiff, T. Brazil and Mrs. Brazil, —which was all the evidence produced by the Plaintiff—as to the connection of Mr. and Mrs. Moran with the assault, shows, that Mrs. Moran was in the presence of her husband, and whatever she said must be presumed as a matter of law, to have been in consequence of the coercion of her husband. 10 *Mass.*, 152; 2 *Kent's Com.*, 149; *Reve's*

*Domestic Relations,* 72, 73 and 74; 2 *Hilliard on Torts,* 511; 1 *Carrington & Payne's,* 116, (12 *E. C. L.,* 78 and *Note;*) *U. S. Digest,* 155, *sec.* 39; 19 *Barbour,* 321.

The evidence of the Plaintiff and his witnesses all show that Mrs. Moran was in company with her husband, some four rods from the affray, and that neither participated in the matter, except by words; and that Mrs. Moran did not speak at all, except when her husband spoke first.

Whether the Court take the rule, that the presumption is simply *prima facie* or conclusive, in civil actions, it matters not; for the evidence in this case against Mrs. Moran is entirely insufficient to rebut the *prima facie* presumption.

It is no answer to say that Mrs. Moran should have set up coercion as a defence in her answer; for the complaint having alleged her to be the wife of Lawrence Moran, the Plaintiff was bound to show a case under it which would rebut any assumption that the marital relation might impose in her behalf.

HENRY HINDS, Counsel for Appellant.

DANIELS & GRANT, Counsel for Respondent.

*By the Court,* EMMETT, C. J.—We do not see how the verdict, as against Margaret Moran, can be sustained in any aspect that we have been able to take of this case. She is a married woman, the wife of Lawrence Moran, another of the defendants; and it clearly appears from the allegations of the complaint, as well as from the evidence on the trial, that whatever part she took in the tort complained of, was in the company of her husband; and for which, *prima facie* at least, he alone is responsible. Kent seems to lay down the broad doctrine that the wife cannot be made liable at all under such circumstances, 2 *Kent,* 149; and by another textwriter it is asserted that where an action is brought against husband and wife, for a battery by them committed together, and both are found guilty, judgment must be arrested, because the wife, under such circumstances, could not commit a battery." *Reeve's Domestic Relations,* 73. The case at bar

is identical with that put by Reeve, and should, we think, be governed by the doctrine he lays down, although it is not necessary in this case to assert the doctrine so broadly. There is an occasional case to be found where the wife has been held jointly liable with the husband for torts committed by her in his presence. Such is the case reported in 19 *Barb.*, 321, where it was held that the presumption of coercion by the hus-band may be rebutted by proofs ; yet these cases are excep-tional, and, it is believed, are confined to instances where the wife was the actor in committing the tort, and the husband, though present, neither took part himself nor assented to the act or conduct of the wife. Such, however, is not the case in this instance, for the same evidence that connects the wife with the assault and battery committed on the person of the Plaintiff, shows also that she was not an actor, but merely an encourager of others, in which she does not appear to have done more than follow the example of her husband. They were together, alone, a short distance from where the others were beating the Plaintiff ; and the husband, instead of dis-senting from, seems heartily to have approved of, if not insti-gated, what the wife said on that occasion. Both endeavored to incite the others to further violence, but she is not shown to have said anything until after her husband set the example. Under such circumstances, the presumption arising from the presence of the husband is in no degree rebutted or weakened. The only fact which the Plaintiff's counsel relies upon for that purpose is the alleged physical superiority of the wife over the husband at the time, arising from his recent illness ; but it by no means follows from that alone, that he would lose thereby the habitual influence or control which a husband is presumed to possess and exercise over the conduct of his wife while in his presence. It is immaterial to this case, therefore, whether the rule is as laid down by Kent and by Reeve, or qualified, as by the decision in 19 *Barb.*, 321, because either is sufficiently broad to relieve the wife from responsibility.

A *feme covert* is jointly liable with her husband for all torts committed by her when not in company with him, and would be so liable for all committed while in his company, but for the presumption that she acts by his direction, or un-

der his control.  But we can readily see how she may commit a tort in his presence, not only without being coerced or influenced by him so to do, but absolutely against his will and despite his best efforts to prevent it.  And when such is shown to be the case, we think that the presumption otherwise arising is, and ought to be considered as rebutted.

In this view of the law, the charge as requested by the Defendants on this point, is too broad ; and the Court below did not err in refusing to give it to the jury ; because he was therein requested to instruct the jury that the presence of the husband was conclusive against the Plaintiff's right to recover against the wife *in any case* under the evidence.  But as the testimony is all before us, we think that, as to the wife, the verdict cannot be sustained ; because the evidence is not sufficient to rebut the presumption of coercion by the husband, arising from his presence at the time she committed the acts complained of.

In regard to the other Defendants, we see nothing in the record which would justify us in disturbing the verdict.  The refusal of the Court to permit the Defendants to amend is not reviewable on appeal, because it is a matter purely discretionary.  Nor was it error to permit the jury to take with them, on their retirement, the pleadings in the case.  Indeed it is difficult many times to arrive at the several issues in a case upon which the jury are to pass, without a careful examination of the pleadings,  which they may have no opportunity of doing before retiring for consultation.  We are also unable to determine that there was misconduct either on the part of the jury or the Plaintiff.  Judging from the affidavits produced, we have come to the conclusion that no misconduct on the part of either is established.  The damages are, in our opinion, exceedingly moderate, considering the aggravated nature of the injuries which the Plaintiff received at the hands of the Defendants.  The evidence fully justifies the verdict as to  all the Defendants except Margaret Moran, and we do not think that the Court erred in refusing to charge as requested.  And in regard to the alleged newly discovered evidence, we find nothing material to the issues joined which is not merely cumulative to that offered at the trial, or which

the Defendant could not, with reasonable diligence, have discovered and produced on that occasion, so far as we are able to see.   Indeed the Defendants are not shown to have made any efforts to produce it ; and for aught that appears to the contrary, it was known to them prior to the trial already had.

We have thus briefly, and in the order in which they were urged, referred to the several points on which the Defendants predicated their motion for a new trial.   A more extended examination would lead to a minute discussion of the merits of each, which we deem unnecessary, as the profession is familiar with the learning applicable to the several questions involved.

We desire to say, however, that upon an appeal from an order granting or refusing a new trial, the question is presented to this Court, and should be considered and determined, just as though the application for a new trial had been made here originally.   The decision of the Court below, should not, therefore, have the least influence upon the decision here. Nothing is presumed in favor of the decision from which such an appeal is taken, except, perhaps, when it is based upon oral testimony taken in open court.

It would appear, at first, that the most natural way to dispose of this appeal, in accordance with the views above expressed, would be to reverse the order appealed from as to all the Defendants, except Margaret Moran, and to give to her a new trial.   Under the provisions of our statute, we might, perhaps, make such disposition of the case.   But a new trial to her alone would involve all the issues already determined, unless we should limit them, which we do not feel authorized to do.   And as a verdict against her for the same or a different amount, would greatly complicate matters, we think it safer to follow the old rule in such cases, and will, therefore, so order, that a new trial will be given to all the Defendants unless the Plaintiff dismiss the action as against Margaret Moran.