JOAN C. PENCE, APPELLANT, v. VIRGIL W. LIERMANN, APPELLEE.

216 N. W. 2d 746

Filed April 11, 1974. No. 39161.

Charles J. Knight, for appellant.

Luebs, Tracy, Huebner, Dowding & Beltzer and D. Steven Leininger, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

BUCKLEY, District Judge.

In this action for damages, the jury returned a verdict for the defendant on plaintiff's petition and for defendant on his cross-petition. Plaintiff appeals.

Notwithstanding that plaintiff did not move the court to direct a verdict at the close of all the evidence, she now contends that the evidence will not support the jury's verdict. Plaintiff testified that, on a dense, foggy morning, she entered U. S. Highway No. 34 from her farm driveway, turned to her right, and proceeded west on the highway and was struck in the rear by defendant's automobile, which she did not see before the collision. Later, plaintiff, her huband, and a third party measured the distance from the driveway to the point of impact as approximately 350 feet.

Defendant testified that he could see only 50 to 60 feet ahead in the heavy fog, and that he first saw one of the taillights of plaintiff's car "just as if it either come on or come on the road." He struck plaintiff's car 40 to 45 feet from her driveway.

The driver of a vehicle entering a public highway from a private road or drive shall yield the right-of-way to all vehicles approaching on such public highway. Helferty v. Mickels, 171 Neb. 246, 106 N. W. 2d 40. The

key issue was the distance plaintiff traveled after entering the highway before she was struck by defendant, and the jury evidently resolved this question in favor of the defendant. Plaintiff questions the inability of defendant to see plaintiff's automobile until he was 20 feet away when he could see 50 to 60 feet ahead in the fog. The jury could reasonably conclude that the defendant saw only one taillight of plaintiff's car 20 feet ahead because the car was at an angle and coming on to the highway at the time and that the impact occurred a short distance from the driveway. The issue of negligence as to both drivers was clearly a question for the jury.

Plaintiff contends she should be granted a new trial on the basis of newly discovered evidence. In her supporting affidavit she states that she discovered a witness after trial, one Michael Naber, who was absent from the jurisdiction for at least 1 year before trial, and who would testify that the distance from the driveway to the point of impact was approximately 528 feet. From defendant's counter affidavit and plaintiff's subsequent affidavits in reply thereto, we learn that the witness was a deputy sheriff who apparently investigated the accident and that there is a serious dispute plaintiff knew of this witness and of his whereabouts before trial. The most that can be said from plaintiff's own affidavits is that the witness' whereabouts were unknown to the York County sheriff for the last 5 weeks before trial.

"In order to make a sufficient showing for new trial upon the ground of newly discovered evidence, the proof in support thereof must show that such evidence was then available which neither the litigant nor his counsel could have discovered by the exercise of reasonable diligence, that it was not merely cumulative, but competent, relevant, and material and with relation to a material issue, and of such character as to reasonably justify a belief that its admission would probably bring about

a different result if a new trial were granted." In re Guardianship of Carstens, 151 Neb. 425, 37 N. W. 2d 581. See, also, Wiegand v. Lincoln Traction Co., 123 Neb. 766, 244 N. W. 298.

We said in Wiegand v. Lincoln Traction Co., *supra:* "What is reasonable diligence? Facts and circumstances must be clearly set out by the affidavits of the attorneys as well as of the party appealing, from which the court may determine whether the party did in truth use reasonable diligence in searching for this newly discovered evidence before the former trial. Todd v. City of Crete, 79 Neb. 677. In fact, the party must negative every circumstance from which a lack of diligence might be inferred. Axtell v. Warden, 7 Neb. 186. He must show that all proper efforts had been made to discover it before the first trial. Brazil v. Moran, 8 Minn. 236, 83 Am. Dec. 772. . . .

"Defendant must show that the evidence came to him since the trial and was not equally available to him previous to that trial, and was not simply discovered by exercise of belated diligence."

Here, the affidavits lack any showing as to what efforts were made to locate the deputy sheriff before the trial and in what way he was located by the time the motion for new trial was filed 8 days later. No showing is made that any contact with the sheriff's office or any other investigation was made to determine if the sheriff had investigated the accident. Considering the obvious serious question of liability, the failure of plaintiff or her counsel to investigate such possible source of information falls far short of the reasonable diligence required as a condition of securing another trial because of newly discovered evidence. Newly discovered evidence is not sufficient reason for a new trial of a cause if diligence before the trial would have produced notice or knowledge of the alleged recently discovered evidence. The law will not intervene to assist

a litigant who has not exercised due diligence to prevent the result of which he complains and which is attributable to his inattention. See Wemmer v. Young, 167 Neb. 495, 93 N. W. 2d 837. The motion for a new trial was properly denied.

The judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result.