ELAINE L. KOCKROW, APPELLANT, v. DONALD R. KOCKROW, APPELLEE.

217 N. W. 2d 89

Filed April 18, 1974. No. 39212.

Walter H. Radcliffe of Luedtke, Radcliffe, Gilmore & Evans, for appellant.

Murphy, Pederson & Piccolo, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, and CLINTON, JJ., and BUCKLEY, District Judge.

SPENCER, J.

Petitioner appeals herein, challenging the award of the custody of Bradley Kockrow to respondent and the sufficiency of the child support for the twin daugh-

ters whose custody was granted to her. The costs of the action, including a $700 fee for the guardian ad litem, were taxed to respondent. Respondent was ordered to pay $75 per month child support, but no allowance was made to petitioner for attorney's fee. We affirm.

The parties were married December 21, 1958. Three children were born to this union, twin daughters now 14 years of age, and a son now 13. Petitioner is a 37-year-old registered nurse, in good health, and gainfully employed with a bright professional future. Respondent is a 43-year-old self-employed mechanic with no other specialized skills.

The petition for divorce was filed December 22, 1971. There was testimony which would indicate that petitioner mentally and physically abused both her husband and the children. There was also evidence that respondent struck petitioner. The son ran away from home because of petitioner's treatment of him. With the consent of his parents he was permitted to live with petitioner's father. After the filing of this action respondent lived at the home of petitioner's father for a short time, then he and his son moved into other quarters.

No purpose would be served herein by detailing the marital problems of the parties. Throughout the 18 months these proceedings were pending before trial respondent encountered difficulty visiting his daughters. He was finally compelled to seek a court order authorizing visitation. Within a short time thereafter he again encountered difficulty and instituted contempt proceedings to secure his visitation rights.

A guardian ad litem was appointed to protect the interests of the minor children. The court interviewed the children out of the presence of the parties but in the presence of the guardian ad litem. After the hearing the custody of one of the twin daughters, Amy, was

awarded to petitioner. The other daughter and the son were placed in respondent's custody. Subsequently, on petitioner's motion the court modified its decree by also awarding her custody of the other daughter. No child support had been allowed to petitioner in the original decree. At the time of its modification transferring the custody of Ann to petitioner, the court ordered respondent to pay child support of $75 per month.

In determining the question of who should have the care and custody of children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children. Boyles v. Boyles (1974), 191 Neb. 66, 213 N. W. 2d 729.

In cases involving determinations of child custody, the findings of the trial court both as to an evaluation of the evidence and as to the matter of custody will not be disturbed on appeal unless there is a clear abuse of discretion. Broadstone v. Broadstone (1973), 190 Neb. 299, 207 N. W. 2d 682.

The determination of the amount of child support to be allowed, if any, rests in the sound discretion of the trial court. The ultimate criteria under the statute as well as under the former decisions of this court is one of reasonableness. The determination of the court will not ordinarily be disturbed on appeal unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. See Bliven v. Bliven (1973), 190 Neb. 492, 209 N. W. 2d 168.

The above-cited authorities control the disposition of this appeal. The evidence is conclusive that the best interests and welfare of Bradley Kockrow require that his custody be given to his father, respondent herein. However, we will briefly discuss the issues which petitioner contends constituted an abuse of discretion on the part of the trial court.

Petitioner devotes the major portion of her argument to the alleged erroneous admission of certain evidence.

The contested matters are principally a report by, and testimony of, an independent investigator, a child welfare worker, appointed by the District Court pursuant to section 42-351, R. S. Supp., 1972. The report of the investigator was submitted to the court and filed. Later, upon application of the petitioner, the report was removed from the court file and placed in a separate file in the custody of the clerk of the court for use of the parties and their attorneys only. It was not received in evidence and is not a part of the record herein.

The investigator inspected both homes and contacted a number of persons suggested by both parties. She was called as a witness and permitted to amend her report to the court regarding the custody of Ann Kockrow. The inference from the record is that at first she thought the twin daughters should stay with the petitioner and Bradley should be awarded to the respondent. Subsequent investigation, after talking to the children, caused her to amend her opinion regarding Ann only. The court in the original decree gave the custody of Ann and Bradley to respondent. Subsequently the decree was modified to give the custody of Ann to petitioner.

We are satisfied that the record amply supports the award of the custody of Bradley to respondent. As we view the record, it would have been an abuse of discretion to do otherwise. Consequently, error, if any, in the admission of the testimony of the investigator is harmless. See Pierce v. Fontenelle (1952), 156 Neb. 235, 55 N. W. 2d 658, in which we said: "In a case tried to the court, either in law or in equity, the presumption obtains that the trial court in arriving at decision considered only such evidence as was competent and relevant, and this court will not reverse a case so tried because other evidence was admitted, if there is sufficient competent and relevant evidence in the record to sustain the judgment."

Petitioner complains that the testimony of Bradley

Kockrow as expressed both to the court and the guardian ad litem is not sufficient evidence on which to base a decision relating to his custody. In Bauer v. Bauer (1969), 184 Neb. 777, 172 N. W. 2d 231, we observed: "Particularly with reference to children of tender years, this court has said that a child's statement, while deserving to be considered, should be closely scrutinized, (and) is not controlling in the determination of custody." Obviously, however, petitioner is taking that statement out of context. We did not mean to imply that it should not be considered. Bradley's statement, as summarized by the court, is corroborative of other testimony in the record which compels the conclusion that his custody should be in his father.

Petitioner's contention concerning child support is predicated upon her assumption that because a father is obligated to support his minor children the responsibility is exclusively his. In 1972, the Nebraska Legislature repealed the old divorce laws and enacted the no-fault divorce statute. Under section 42-365, R. S. Supp., 1972, the court is empowered to direct that either party, the husband or the wife, pay alimony to the other. In section 42-364, R. S. Supp., 1972, we find the provision: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, * * *."

As we interpret our no-fault divorce statute, under all ordinary circumstances the father and mother of minor children born in lawful wedlock have an equal and joint right to their custody and control, and neither has a superior right over the other. In the matter of child support while the father has the primary responsibility to support his children, the trial court should not ignore the ability of the mother. It has the responsibility of adjusting the equities between the parties.

Pervading all questions concerning rights of the re-

spective parents, the paramount consideration is the best interests and welfare of the children. The determination of custody and fixing of child support rests in the sound discretion of the court and in the absence of an abuse of discretion will not be disturbed.

For the reasons given, the judgment of the trial court is affirmed. A review of the record herein convinces us that the appeal was frivolous. Consequently, no attorney's fee is awarded to the petitioner.

AFFIRMED.