Jo ANN SUTTON, APPELLEE, v. JESSE SUTTON, APPELLANT.

238 N. W. 2d 907

Filed February 26, 1976. No. 40290.

Charles Ledwith, for appellant.

John E. Rice, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The marriage between the parties was dissolved on July 20, 1973. Custody of their three minor children was awarded to the petitioner with child support in the amount of $50 per week per child until each child became of age under Nebraska law or was emancipated. The award conformed to a property settlement agreement which was approved by the court and incorporated in the judgment.

On November 1, 1974, the judgment was modified to eliminate further child support payments because the oldest child, Denise, had reached her majority and the other two children, Frank and Toni, were living with the respondent. Custody of Frank and Toni was transferred to the respondent.

In January 1975, Frank returned to Ohio to live with his mother, the petitioner. On February 19, 1975, the petitioner filed a motion to modify the judgment to return custody of Frank to her and reinstate the child support payment in the amount of $50 per week. The motion was heard on July 2, 1975. The trial court transferred custody of Frank from the respondent to the petitioner and ordered the respondent to pay child support in the amount of $125 per month from July 15, 1975, through January 15, 1976; $62.50 per month from February 15, 1976, through January 15, 1977; and $125 per month from February 15, 1977, through September 15, 1977. The respondent has appealed.

Frank was born January 21, 1958, and will be 19 years of age on January 21, 1977. The order of the trial court

was designed to allow child support at the rate of $200 per month for the 5-month period from February through June 1975, but defer payment of this amount until February 15, 1977, and permit the respondent to discharge the obligation at the rate of $125 per month for 8 months.

Frank was graduated from high school in Ohio in June 1975. He has part-time employment and has been earning $50 to $60 per week. He plans to attend college in Ohio and hopes to obtain a federal grant to defray a part of the expense.

The petitioner is working part-time and earns $190 per week when she is able to work. The respondent is employed by Mutual Construction Company at a salary of $350 per week. The respondent has remarried. His new wife is employed part-time and receives child support for her children from a prior marriage.

There is no issue with respect to the change of custody. The child support awarded the petitioner does not exceed the amounts fixed in the original judgment. The amounts awarded commencing in July 1975, are a substantial reduction from the amounts awarded in the original judgment.

We find no abuse of discretion. In the absence of an abuse of discretion the amount of an award of child support will not be disturbed on appeal. Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89.

It is unnecessary to consider the other errors assigned. The judgment of the District Court is affirmed. The petitioner is allowed $200 for the services of her attorney in this court.

AFFIRMED.