RANDY S. KNIGHT, APPELLEE, v. THERESA J. KNIGHT, APPELLANT.

241 N. W. 2d 360

Filed April 28, 1976. No. 40467.

Phillips & Murphy, for appellant.

Nelson, Harding, Marchetti, Leonard & Tate and Alan L. Plessman, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

SPENCER, J.

Theresa J. Knight appeals from an order of the District Court placing the legal custody of the minor child of the parties with the juvenile probation office of Lancaster County, and awarding the physical custody to Randy S. Knight.

Appellant's assignments of error are three in number. (1) The court erred in awarding physical custody of the minor child to the father and legal custody to the juvenile probation office. (2) The court erred with respect to the admissibility of evidence and in personally questioning a witness about appellant's moral conduct prior to the original trial, as well as in striking evidence adduced by her concerning the moral conduct of her former husband. (3) The District Court erred in imposing an incorrect burden of proof on the appellant. We affirm.

In the divorce decree of October 28, 1974, the court retained legal custody of the minor child, who was born January 31, 1973. It placed his physical custody with his father, Randy S. Knight, subject to the right of his mother to visit and have physical custody of said minor child during 2 successive days and nights of each week. The decree also provided for a review of the custody and visitation provisions in a year.

Theresa's application for custody and child support, and Randy's answer and cross-petition for modification, were heard on October 21, 1975. Theresa alleged there have been many changes in her circumstances during the preceding year. She has matured and is gainfully employed. She now is able to provide the child with the proper environment, as well as care and affection. She alleged her arrangement would be more conducive to the child's best interests than his present situation.

The father and the child are living with the father's parents in Omaha, Nebraska. The father is gainfully employed. During the hours of his employment the child is in the custody of the father's mother or grandmother. When the father is off work the record would indicate he spends 80 to 90 percent of his time with his son. The trial court specifically found the minor child is happy and healthy and has been provided proper care, treatment, and supervision since the decree of October 28, 1974.

Theresa is employed 8 hours a day. She has made arrangements for a baby sitter to supervise the child during the hours of her employment. She has a separate home available for said child which she contrasts with the present necessity of living in the home of his paternal grandparents. She will personally assume the day-to-day responsibility of taking care of said child so as to provide him with the proper environment and care. Particularly, her testimony is directed to the conclusion she could give him the attention of a loving mother in contrast to his present care by strangers.

We first consider assignments (2) and (3). As to Theresa's second assignment, the case is heard de novo in this court. The evidence received and excluded is in the record and before this court. It will only be considered if we find it relevant and admissible regardless of any rulings by the trial court.

As to appellant's assignment (3), we agree with appellant's counsel on the proper burden of proof in this

case. When the custody of a minor child is placed in the court, the court at a subsequent hearing may consider predivorce activities of the parties unknown to the court at the time the decree was entered. Bartlett v. Bartlett (1975), 193 Neb. 76, 225 N. W. 2d 413. We review the record in the light of the above rule.

Theresa's first assignment is the real point at issue. Her counsel makes an eloquent presentation as to the pyschological benefit a small child receives in the arms of its mother. He quotes at length from previous holdings of this court epitomizing the thought that the love, solicitude, and devotion of a mother cannot be replaced by another and is worth more to a child of tender years than all other things combined.

Essentially, appellant is urging us to read subsection (2) of section 42-364, R. S. Supp., 1974, out of the statute. This we decline to do. This subsection provides preference shall not be given to either parent based on the sex of the parent, and no presumption shall exist that either parent is more fit to have the custody of the child than the other. The presumption at most would be only one element of the many considerations involved in child custody cases. We adhere to what we said in Kockrow v. Kockrow (1974), 191 Neb. 657, 217 N. W. 2d 89: "As we interpret our no-fault divorce statute, under all ordinary circumstances the father and mother of minor children born in lawful wedlock have an equal and joint right to their custody and control, and neither has a superior right over the other."

Our law is well established, in determining the question of who should have the care and custody of a child upon the dissolution of a marriage, the paramount consideration must be the best interests and welfare of the child. Kockrow v. Kockrow, *supra.*

The discretion of the trial court on the granting or changing of custody of minor children is subject to review. However, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of

discretion or it is clearly against the weight of the evidence.

This case is triable de novo in this court. However, the judgment of the trial judge, who heard the testimony and observed the parties, is entitled to great weight in determining the best interests of the child in this custody proceeding. We are not about to substitute the eloquent argument of appellate counsel for the judgment of the trial court. The trial judge found the child is happy and healthy and is being provided proper care, treatment, and supervision. There is nothing in the record to indicate otherwise.

The court has given the mother generous visitation rights. On the record we cannot say the best interests and welfare of the child will not be served by the present order. He has been in the home of his paternal grandparents most of his life. We find no abuse of discretion. The judgment is affirmed.

AFFIRMED.