CHRIS PETERSON, APPELLANT, v. MELVIN PETERSON, APPELLEE.

243 N. W. 2d 51

Filed June 9, 1976. No. 40404.

Cunningham, Blackburn, Von Seggern & Livingston, for appellant.

Richard L. Huber, for appellee.

Heard before WHITE, C. J., McCOWN, and BRODKEY, JJ., and RICHLING, District Judge.

RICHLING, District Judge.

The appellant's petition in the District Court prayed for dissolution of the marriage, custody of the minor child with support therefore, temporary and permanent alimony, and an equitable division of the property of the parties hereto. The decree dissolved the marriage, made provision for the division of the property, both real and personal, awarded the appellant alimony in the sum of $2,000, and awarded custody of the minor child to the appellee with rights of visitation in the appellant. Appeal was taken from that provision of the decree awarding custody of the child to the appellee. We affirm.

The appellant's childless first marriage was terminated by divorce. The first marriage of the appellee was terminated by the death of his wife. This left him with the custody of a surviving daughter, who at the time of these proceedings was 10 years of age.

The parties hereto were married on December 1, 1972, and a son was born on December 23, 1973.

During the first marriage of the appellee he and his family had resided at York, Nebraska, and he still resided there at the time of the marriage of the parties hereto. After the marriage they purchased an acreage at York, upon which their home was located.

Prior to the appellant's filing her petition for dissolution, the parties had separated and the appellant had moved to Grand Island. The appellee continued to live at York. In fact, the appellee filed a petition for dissolution at York, which was subsequently dismissed

when it was determined that the District Court for Hall County, Nebraska, had acquired jurisdiction by the appellant having already filed her petition in that court.

The appellee's mother lived on the same acreage with the appellee in a double wide trailer next door to the appellee's home and took care of his daughter until the appellee returned from work. Testimony disclosed also that, in addition, if needed, the babysitter which the parties had used for their son was still available for the same purpose for the appellee if he were awarded custody.

The trial court noted that: "* * * the father's home offered the more stable situation. * * * The father apparently was pretty successful in caring for his other child. * * * It appears to me the child's best interests are being with the father. This doesn't say the mother is unfit."

The evidence described the appellant's home in Grand Island and the plans she had for the care of the child.

Section 42-364, R. S. Supp., 1974, provides, so far as material herein, as follows: "Custody and visitation of minor children shall be determined on the basis of their best interests. Subsequent changes may be made by the court when required after notice and hearing.

"(1) In determining with which of the parents the children, or any of them, shall remain, the court shall consider the best interests of the children which shall include but not be limited to:

"(a) The relationship of the children to each parent prior to the commencement of the action or any subsequent hearing; * * *

"(2) In determining with which of the parents the children, or any of them, shall remain, the court shall not give preference to either parent based on the sex of the parent and no presumption shall exist that either parent is more fit to have custody of the children than the other."

We stated in Young v. Young, 195 Neb. 163, 237 N. W.

2d 135: "When viewing these cases from a cold record, the decision of the trial judge is peculiarly entitled to respect. He saw all the parties and witnesses. He was in closer touch with the situation than this court can be from a review of a written record. While this case is triable de novo in this court, we cannot overlook the fact that the judgment of the trial judge is entitled to great weight in determining the best interests of children in custody proceedings. While the trial court did not find that either party was unfit to have the custody of the children, he did place them in the custody of Daymon. From a review of the record, we cannot say that he abused his discretion in this respect."

Young v. Young, *supra,* cited with approval Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111, which, in addition to enumerating factors to be considered in the award of custody, also held: "In evaluating the general concept of the best interests and welfare of the children it is settled and fundamental law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parents at the trial."

In Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89, we held: "In cases involving determinations of child custody, the findings of the trial court both as to an evaluation of the evidence and as to the matter of custody will not be disturbed on appeal unless there is a clear abuse of discretion * * * or it is clearly against the weight of the evidence."

Upon full de novo consideration of all the evidence in this case we conclude that the judgment of the trial court in finding that it was for the best interests of the child that his custody be awarded to the father-appellee was in accord with the pertinent statutes, was not contrary to the evidence, was not unreasonable, was not an abuse of discretion, and should be affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.