JOY M. SCHMER, APPELLANT, V. WILLIAM D. SCHMER, APPELLEE.

251 N. W. 2d 167

Filed March 2, 1977. No. 40831.

Cronin, Shamberg & Wolf, for appellant.

Cunningham, Blackburn, Von Seggern & Livingston, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

This is an action for dissolution of marriage brought by Joy M. Schmer, petitioner and appellant, against William D. Schmer, respondent and appellee. The pe-

titioner, age 30, and the respondent, age 36, were married in 1964. They are the parents of two children, Paige Jodene, age 10, and Samuel Louis, age 7.

The trial court found the marriage to be irretrievably broken and made a property division between the parties. Custody of both minor children was awarded to the respondent. The petitioner filed a motion for a new trial, which was overruled, and she now appeals. We affirm the decree of the District Court.

On appeal, the petitioner challenges the division of property and the failure of the District Court to grant her alimony.

The property acquired by the parties during the marriage and divided by the court consisted of the following: Equity from the sale of the house $8,180.52; Skagway Profit-Sharing Plan equity $8,147.31; 1971 Dodge automobile $1,800; 1965 Ford automobile $200; and savings account $50. The value of the foregoing items were stipulated to by the parties. Additionally, the court found the balance of a checking account to be $2,400. The value of household goods was estimated at $3,000 by the respondent, and $800 by the petitioner. Liabilities of $2,250 were stipulated to by the parties.

The record shows that the respondent had been employed for over 9 years at the Skagway Department Store in Grand Island, Nebraska. The petitioner had been employed intermittently, on a part-time basis, during the marriage. The respondent received, during the marriage, various gifts from an uncle totaling approximately $12,000 and an inheritance of $4,400.

The court directed that the liabilities be paid from the equity from the sale of the family home and that the balance be divided equally between the parties. The household goods, 1965 Ford automobile, and savings account were awarded to the petitioner. The 1971 Dodge automobile, the balance in the checking account, and the Skagway Profit-Sharing equity were awarded

to the respondent. This division of property resulted in the respondent receiving a total of approximately $15,200 and the petitioner receiving approximately $4,050 to $6,250, depending upon the valuation placed on the household goods.

The rules for determining alimony or the division of property in an action for dissolution of a marriage provide no mathematical formula by which such awards can be precisely determined. Hanisch v. Hanisch, 195 Neb. 204, 237 N. W. 2d 407 (1976). "The rule in this state is that the fixing of alimony or distribution of property rests in the sound discretion of the District Court, and in the absence of an abuse of discretion, will not be disturbed on appeal." Essex v. Essex, 195 Neb. 385, 238 N. W. 2d 235 (1976). As stated in Tavlin v. Tavlin, 194 Neb. 98, 230 N. W. 2d 108 (1975), "This court is not inclined to disturb the division of property made by the trial court unless it is patently unfair on the record." On the record herein, we cannot say that the distribution made reaches that standard; nor can we say that the District Court abused its discretion by failing to award petitioner alimony.

The petitioner next contests the awarding of custody of both minor children to the respondent. "The discretion of the trial court with respect to awarding or changing the custody and support of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Chilese v. Chilese, 196 Neb. 784, 246 N. W. 2d 475 (1976). See, also, Peterson v. Peterson, 196 Neb. 328, 243 N. W. 2d 51 (1976).

In determining the question of who should have the care and custody of a child upon dissolution of marriage, the paramount consideration must be the best interests and welfare of the child. Knight v. Knight, 196 Neb. 63, 241 N. W. 2d 360 (1976).

Pursuant to an agreement between counsel, the par-

ties and the children were examined and tested by Dr. Michael O'Neill, a clinical psychologist. Dr. O'Neill testified at the trial, and his written report was received into evidence. Dr. O'Neill determined that the emotional needs of each child were different, but that at this point in their lives their most important need was for security and protection. In his evaluation of the parties he described the petitioner's orientation as "strongly in the direction of spontaneity, emotional reactivity, immediacy of motivation, feelings and the avoidance of unpleasantness." He described the respondent as being "oriented just as strongly in the direction of sustained effort in the pursuit of purpose, control, planning and intelligent decision-making." Dr. O'Neill gave his opinion that in the long run the best interests of the children would be served by placing them with their father. He made it clear that his recommendation should not be construed as a statement that the petitioner would not be a fit parent. There was evidence that the boy, Samuel, desired to be with the respondent, and the girl, Jodene, wished to be with the petitioner.

There was sufficient evidence to support the determination of the trial judge, who saw and observed the parties and witnesses, regarding custody of the children and we are not inclined to disturb his ruling on appeal.

The decree of the District Court is correct and is affirmed.

AFFIRMED.