MARGIE HELDT, FORMERLY MARGIE CHAPMAN, APPELLANT, V. EDWIN D. CHAPMAN, APPELLEE.

284 N. W. 2d 409

Filed October 16, 1979. No. 42418.

W. G. Whitford, for appellant.

Charles L. Caskey, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.
Appellee, who was the defendant in the original

1966 divorce action, filed his petition in the District Court seeking to terminate child support payments for Rex Chapman, the nearly 17-year-old son of the parties, for the reason that he was now emancipated. Appellant filed an answer and cross-petition, denying the fact of emancipation, and alleging that since entry of the original decree the cost of living has increased. She asked that the decree be modified by increasing child support payments. After notice and hearing the trial court granted the relief sought by the appellee, finding that Rex was in fact emancipated, and ordered child support to terminate as to him. The court also denied the appellant's request for an increase of child support and ordered that appellee continue to pay the sum of $13.33 per week for the support of the remaining minor child, Lisa. In doing so, it found that there had been no material change in circumstances since the entry of the decree requiring an increase in child support. Appellant has appealed to this court, alleging that the decision of the trial court was not sustained by sufficient evidence and was contrary to law. We affirm.

A divorce decree was entered in this matter on October 7, 1966, by which the minor children, Deano, Rex, and Lisa Mae, born respectively on June 8, 1959, August 28, 1961, and April 12, 1963, were awarded to the appellant and a settlement agreement was approved providing for a total of $40 per week for all three children. Various supplemental petitions have been filed throughout the ensuing years seeking modification of the award as to amount of child support, release of child support liens, and emancipation of the eldest child. The amount of child support has never been changed except, upon a finding of the emancipation of Deano, the award of support was reduced by $13.33. Several times the appellant has been awarded attorney's fees but none were granted in the instant applica-

tion. Although the trial court's decision as to the emancipation of Rex was mentioned as an issue actually tried, it was not specifically assigned as an error nor was it argued in the brief or at the time of oral argument and will be deemed to have been abandoned.

Rex testified he became 16 years of age on August 28, 1977, and shortly thereafter discontinued his schooling. From that time on he worked at various jobs and was to start working full time as a construction worker the day following the hearing. He was unable to give any information as to the income or expenses of his mother's household.

Appellant testified her gross weekly income at this time was $200 as compared to $50 per week at the time of the original divorce decree. She was also paid about $25 a week as board and room from Deano. Other than testifying that groceries for the entire household ran from $200 to $250 and house payments were $150 per month, there was no information as to expenses of the remaining child at this time and no information as to expenses at the time of the original decree.

Appellee testified he has remarried and has a son and that both his wife and son are asthmatics requiring special medicine. His annual gross income has gone from about $6,800 in 1966 to $12,800 in 1977, but his take-home pay at the time of trial was about $652 per month. He itemized his expenses at something slightly in excess of $700 per month at this time. There was no indication as to what his expenses were in 1966.

Appellant's principal complaint is that the trial court erred in finding there had been no material change in circumstances justifying an increase in child support. She relies primarily upon Pfeiffer v. Pfeiffer, 201 Neb. 56, 266 N. W. 2d 82 (1978), in which we said: "We are *permitted* to judicially notice that under present economic conditions $100 per month is

far less than the actual cost of caring for a child in an acceptable manner." (Emphasis supplied.) This, of course, is a correct general statement of the law and is grounded upon section 27-201, R. R. S. 1943, which provides in part that: "(3) A judge or court *may* take judicial notice, whether requested or not. (4) A judge or court shall take judicial notice if requested by a party and *supplied with the necessary information.*" (Emphasis supplied.) Although the record is absolutely devoid of any specific request by appellant, it may be assumed from the trial judge's remarks that her attorney, during final argument, simply asked the court to take judicial notice of the general increase in the cost of living. There was no reasonable attempt to furnish the court with any specific information supporting an increase in the cost of supporting the minor child. In the absence of being "supplied with the necessary information," we cannot say that the trial court abused its discretion in finding no change in circumstances in this regard.

Appellant points to the fact that appellee's gross income had doubled since the original decree. By the same token, her gross income had quadrupled to a point where it was approximately $2,500 less than that of the appellee. In addition, she received board and room payments from one of the children plus child support payments. As provided by section 42-347 et seq., R. R. S. 1943, and particularly section 42-364, the obligation to support minor children falls upon each parent, both of whose earning capacities shall be considered by the court in fixing the amount of support.

The record in this case supports the proposition that the trial court did not abuse its discretion in refusing to increase the amount of child support. "In the absence of an abuse of discretion the amount of an award of child support will not be disturbed on

appeal." Sutton v. Sutton, 195 Neb. 495, 238 N. W. 2d 907 (1976).

As to the failure to award any fees to her attorney, it was the appellant who made necessary a contested hearing over the issue of emancipation which she abandoned on appeal. The appellee had been required to pay fees on several different occasions in the past although they were not in any excessive amounts. However, the matter of awarding attorney's fees is discretionary with the District Court and absent an abuse of discretion the court's order will not be disturbed on appeal. In this case we cannot say that the trial court abused its discretion.

For the reasons given, the judgment of the District Court is affirmed. Each party is to pay his or her own costs of this appeal.

AFFIRMED.