CARYL SUE KOCARNIK, APPELLANT, V.
JOHN CHARLES KOCARNIK, JR., APPELLEE.

308 N.W.2d 352

Filed July 10, 1981. No. 43860.

David L. Herzog for appellant.

James A. Hogan for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

The appellant, Caryl Sue Kocarnik, appeals from a decree entered by the District Court for Douglas County, Nebraska, on October 7, 1980. The decree specifically dissolved the marriage between the appellant and her husband, John Charles Kocarnik, Jr., appellee herein. Further, the order provided that the custody of the minor children of the parties, James Murry Kocarnik and Regina Lynn Kocarnik, be awarded to the father, John Charles Kocarnik, Jr., subject to broad reasonable rights of visitation by appellant mother. The order awarded no alimony to appellant and granted to appellee the family home, together with all the household goods and furniture located in the family home, subject to any mortgage or encumbrance which appellee was to assume, and further subject to a $6,000 lien in appellant's favor, to be paid upon the occurrence of certain events. It is apparent that appellee father was awarded the home in order to raise the minor children. The order further divided certain other properties of the parties and ordered appellee to pay to appellant the sum of $3,000 in monthly installments and an additional $750 to apply upon appellant's attorney fee.

Appellant has assigned numerous errors alleged to have been committed by the trial judge. The two most significant errors assigned appear to be that the trial

court erred in granting the custody of the minor children to the appellee father and in not granting to appellant a new trial based upon newly discovered evidence. We have now examined those specific assignments of error, as well as the other assignments raised by appellant, and conclude that none of the assignments are meritorious. The judgment of the trial court is therefore affirmed in all respects.

The facts of the case are not particularly unique or different from the hundreds of other domestic relations cases coming before the courts today. The parties, each in their early thirties, had been married approximately 10 years. As a result of the marriage there have been two minor children born to the parties, a son 10 years of age and a daughter 6 years of age at the time of trial. Both of the parties are employed during the day and both of them would require some outside assistance in caring for the children during the day. Each of the parties consumed a considerable amount of time at trial leveling charges and countercharges concerning each other's fitness to have custody of the children. In some respects the testimony may have been counterproductive. Little purpose would be served in repeating those charges except to exacerbate an already strained situation. Upon conclusion of the trial, after hearing all the evidence and speaking to both of the children in the presence of counsel, the court concluded, as we would conclude, both parties were fit and proper to be the custodial parent of the minor children of the parties, although the court noted that appellant's conduct in many respects was unwise and questionable. We would agree with that conclusion as well. The trial court concluded, however, that "considering all of the testimony and the interviews with the minor children of the parties, and considering particularly the manner and feeling evidenced by the testimony of each of the parties as heard and observed by this Court, the best interests of the minor children of the parties are better served by awarding the care, custody, and control of the minor

children to [appellee] subject to reasonable visitation rights more specifically referred to elsewhere in this Decree." We have reviewed the bill of exceptions in detail, as we are required to do in cases of this nature, and have concluded from our reading that the evidence regarding the custody of the children supports the conclusions reached by the trial court. Reviewing the record de novo, we reach the same conclusions as did the trial court concerning the custody of the children.

Appellant argues that absent the court's finding that she is unfit, she is entitled to preference with regard to custody of the minor children. Whatever may have heretofore been the rule, the passage of the so-called "no-fault" divorce statutes in this state has eliminated any presumption that a mother has greater rights to the custody of minor children than the father. In *Kockrow v. Kockrow*, 191 Neb. 657, 662, 217 N.W.2d 89, 92 (1974), we said: "As we interpret our no-fault divorce statute, under all ordinary circumstances the father and mother of minor children born in lawful wedlock have an equal and joint right to their custody and control, and neither has a superior right over the other." Likewise, in *Kringel v. Kringel*, 207 Neb. 241, 244, 298 N.W.2d 150, 153 (1980), we said: "We have also stated the general rule to be that, when a controversy arises between the natural parents as to the custody of minor children, no presumption shall exist that one parent is more fit to have custody of the children than the other."

Furthermore, while we do review the case before us de novo, we cannot ignore the fact that the trial court had the opportunity of viewing all the parties, including the children whom he interviewed in the presence of both counsel for the parties. Specifically, in *Curfman v. Curfman*, 207 Neb. 1, 3-4, 295 N.W.2d 299, 301 (1980), we recently said: "'In determining the question of who should have the care and custody of minor children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children.

"'In any custody determination, the discretion of the trial court in such a situation is necessarily subjective and must be founded to a significant extent upon its observation of the parties and the review of all the minute details that affect the general welfare and the best interests of the children. It also must necessarily be prospective in nature.

"'Equity cases are heard de novo in this court; however, in determining the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying.'"

Our examination of the record fails to disclose to us any evidence that the trial court, in any manner, committed error or abused its discretion regarding the custody of the children. To the contrary, as already noted, we reach the same conclusions as did the trial court. It was clear that either party may have effectively fulfilled the obligation of a parent. There was, however, sufficient evidence to indicate that, on balance, the best interests of the children opted in favor of a finding that their custody should be with the appellee father. The assignment of error is overruled.

Turning then to the second principal assignment of error raised by appellant, that the trial court erred in failing to grant the appellant a new trial because of newly discovered evidence, we likewise must reject that claim.

It appears from the record that the newly discovered evidence would be testimony of a psychologist to the effect that granting custody of the children to the father instead of the mother would not be in the children's best interests. That, in no manner, constitutes newly discovered evidence as defined by our laws, even if it was relevant. The question of custody of the children was always one of the issues in the lawsuit. Appellee, in his answer, specifically requested that he have the care, custody, and control of the minor children. Much of the testimony adduced during the course of the trial made it

clear that appellee was seeking the care, custody, and control of the minor children. If appellant and appellant's counsel were not mindful of that fact, either by reason of the answer filed by appellee or the evidence offered at trial, they must of necessity have been aware of the potential that the court would grant custody of the children to the appellee when, in the presence of both counsel, the court inquired of the children with whom they wished to live. Appellant made no effort to offer the evidence of the psychologist even at that point and before the court entered the decree. To now contend that counsel was unaware that custody of the children might be granted to the appellee, and therefore could not have produced evidence to show what the effect of such an order would be, is to totally ignore the state of the record and the true purpose of the "newly discovered evidence" rule.

In *Pence v. Liermann*, 191 Neb. 614, 616-17, 216 N.W.2d 746, 747-48 (1974), this court said: "'In order to make a sufficient showing for new trial upon the ground of newly discovered evidence, the proof in support thereof must show that such evidence was then available which neither the litigant nor his counsel could have discovered by the exercise of reasonable diligence, that it was not merely cumulative, but competent, relevant, and material and with relation to a material issue, and of such character as to reasonably justify a belief that its admission would probably bring about a different result if a new trial were granted.'" The evidence offered by appellant in support of her claim for a new trial fails to meet any of the tests set forth in the *Pence* decision. The evidence was neither evidence which could not have been discovered by the exercise of reasonable diligence, nor was it evidence of such a character as to reasonably justify a belief that its admission would probably bring about a different result. Such offered evidence was clearly not within the meaning of the "newly discovered evidence" rule, and the trial court was correct in refusing to grant a new trial

based upon such claim.

Appellant's further assignments of error concerning the trial court's failure to grant alimony and her objection to the distribution of property likewise must be overruled. In *Amen v. Amen*, 207 Neb. 694, 697, 301 N.W.2d 74, 76 (1981), we said: "In determining whether alimony should be awarded, the ultimate test is one of reasonableness. [Citations omitted.]

"Although the rules for determining alimony or division of property in an action for dissolution of marriage provide no mathematical formula by which division can be determined, the decision rests on the facts in each case and the sound discretion of the trial court. [Citations omitted.]

. . . .

"A judgment of the trial court fixing the amount of alimony or making distribution of the property will not be disturbed on appeal in the absence of an abuse of discretion."

We are unable to say that a reading of the record discloses any abuse of discretion on the part of the trial court regarding either a division of the property or the denial of alimony. Appellant is gainfully employed and will have sufficient funds to maintain herself. Nor is she required to make any contribution to the support of the minor children. It has likewise been ordered that she receive back her share of the contribution made to the family home, as well as certain other contributions. We cannot say that the trial court abused its discretion by failing to grant alimony, and the assignments of error concerning that matter must be overruled.

Finally, appellant contends that the trial court erred in refusing to grant a larger attorney fee. The trial did indeed take several days. An examination of the bill of exceptions, however, raises some serious question as to whether all that was presented to the court might not have been done in less time. Had an effort been made to try the necessary issues in the case, rather than the animosity which existed between the parties, perhaps less

time would have been consumed. As we said in *Ritchey v. Ritchey*, 208 Neb. 100, 105, 302 N.W.2d 372, 376 (1981): "'The award of attorneys' fees and the taxing of costs is discretionary with the District Court.'" Again we find no abuse of discretion.

Having found that the trial court was correct in all respects, the judgment must be affirmed.

AFFIRMED.