DARYL GENE CONGER, APPELLEE, v. MARY DELL CONGER, APPELLANT.

235 N. W. 2d 634

Filed December 4, 1975. No. 40059.

Patrick J. Heaton, Jr., for appellant.

Jack R. Knicely, for appellee.

Heard before SPENCER, McCOWN, and NEWTON, JJ., and COLWELL and IRONS, District Judges.

IRONS, District Judge.

The marriage of the parties herein was terminated by divorce in 1971. Along with other matters the parties stipulated that the father, Daryl, was to have custody of Denise, a daughter, and the mother, Mary Dell, have custody of their two sons, Randall and Ronald. This stipulation was approved by the trial court. The custody of the older son, Randall, is no longer material to this appeal.

The father, plaintiff in the original action, and the appellee here, filed his application for modification of the decree fixing custody of Ronald and it was granted by the District Court on January 25, 1975, changing the custody of Ronald, age 13, from the mother to the father, and terminating support payments except for 1 month during the summer each year.

The mother, Mary Dell Conger, appeals from the order modifying the original decree.

"A decree fixing custody of minor children will not be modified unless there has been a change in circumstances indicating that the person having custody is unfit for that purpose or that the best interests of the children require such action * * *. The discretion of the trial court with respect to changing the custody of minor children is subject to review, but the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Bennett v. Bennett, 189 Neb. 654, 204 N. W. 2d 379.

A close review of the record discloses during much

of the time from the divorce of the parties to the time of the hearing on the application for modification, the mother, appellant, developed and maintained a behavioral pattern, which is unnecessary to detail here, that was detrimental to the welfare of the son, Ronald, and that such behavior would tend to destroy the moral fibers of a 13-year-old child.

The trial court apparently considered the facts to be a sufficient and material change in circumstances to warrant modifying the custody of Ronald - we agree.

The exclusion of evidence as to conduct of the parties, which acts occurred prior to the original divorce hearing, and the refusal of the court to personally interview the minor child was as to the exclusion proper and created no error, and as to the refusal to interview was discretionary, and no abuse of the discretion of the trial court is indicated.

The request of the appellant for allowance of attorney's fees in this court is denied.

The order of the District Court is in all respects affirmed.

AFFIRMED.

COLWELL, District Judge, concurs in result.