CONNIE JEAN ALLEN, APPELLANT AND CROSS-APPELLEE, V. LONNIE DEAN ALLEN, APPELLEE AND CROSS-APPELLANT.

253 N. W. 2d 853

Filed May 25, 1977. No. 41054.

Donald H. Bowman and Michael O. Johanns of Peterson, Bowman, Coffman & Larsen, for appellant.

Ralph J. Fischer of Everson, Noble, Wullschleger, Sutter & Fischer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ.

SPENCER, J.

This is an action for dissolution of marriage, custody of a child, and division of property instituted by the wife against her husband. The wife, Connie Jean Allen, appeals alleging the court erred in granting custody of the child to her husband. The husband, Lonnie Dean Allen, cross-appeals alleging the court erred in not awarding sufficient property to him in its division of property. We affirm.

The parties herein were married August 15, 1969. A son, Roy Maxwell Allen, was born to the parties on May 4, 1974. There is no contest on the dissolution of the marriage. The sole issues presented are the two referred to above: The custody of the child and the division of property.

All the real estate of the parties was awarded to petitioner, subject to encumbrances. She had inherited from her grandfather an undivided one-half interest in the southwest quarter of Section 17, Township 1 North, Range 10 East of the 6th P.M.,

Pawnee County, Nebraska, which she held at the time of the divorce. She also inherited a one-half interest in other land which was sold on contract in 1973. At the time of the trial she had received all her money on this sale, approximately $18,000, some of which was invested in the other properties.

The homestead of the parties was purchased for $12,000 in March 1974, from the petitioner's grand-parents. It actually had a value of $22,000 at the time of purchase. Petitioner made a downpayment of $1,200 and a promissory note was executed for the balance. At the time of trial, there was a balance due of $8,400 on the note. Petitioner testified that she made all the payments on this property. The parties remodeled the premises extensively. At the time of the trial it had an approximate value of $39,000. Petitioner testified she spent approximately $7,500 for remodeling purposes and in addition another $5,000 on furniture for the home. The respondent did much of the work on the remodeling. This property had been in petitioner's family for three generations.

The other real estate awarded to the petitioner was a property in Beatrice, which was purchased by her on June 24, 1976, after this action was commenced. The sale price was $23,000, with a cash downpayment from her own funds of $4,600. The balance was financed by her through the State Federal Savings and Loan Association.

Respondent states he does not want any part of petitioner's inheritance. During the marriage respondent earned $39,700 and the petitioner $19,700. Respondent also concedes that she could be credited with most of the farm and interest income of $7,429, for a total of $27,129. Respondent does not object to the transfer of the property to the petitioner, but argues a proper adjustment would result in an award to him of approximately $8,000.

The following finding in the decree of the trial

court is pertinent herein: "That by virtue of the settlement of the property rights of the parties heretofore set forth in these findings and further taking into account the contributions of respondent by way of labor to the improvements on the residence property of the parties near Holmesville, Nebraska, neither party should recover alimony from the other in this cause."

This court is not inclined to disturb a division of property made by the trial court unless it is patently unfair on the record. Van Bloom v. Van Bloom, 196 Neb. 792, 246 N. W. 2d 588 (1976). On the record herein we cannot say that the distribution made reaches that standard. We see no reason to disturb the division of property made by the trial court.

Petitioner appeals from the granting of custody of the minor child of the parties to the respondent. No purpose will be served by detailing the evidence adduced on the custody issue. The court specifically found that both parties were fit to have the custody of said child, but on the evidence awarded the custody of the child to the respondent, subject to specific visitation rights by the petitioner. In determining the question of who should have the care and custody of a child upon the dissolution of a marriage, the paramount consideration must be the best interests and welfare of the child. Kockrow v. Kockrow, 191 Neb. 657, 217 N. W. 2d 89 (1974). Usually the trial court is in the best position to make this determination.

Our law is clear. The discretion of the trial court on the granting or changing of custody of minor children is subject to review. However, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. This case does not reach that standard.

The judgment of the trial court is affirmed. Costs

on this appeal are taxed to the party incurring the same.

AFFIRMED.

WHITE, C. THOMAS, J., participating on briefs.