ARLENE J. AHLMAN, APPELLANT, V. NATHAN W.
AHLMAN, APPELLEE.

267 N. W. 2d 521

Filed June 28, 1978.   No. 41603.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellant.

Ronald Rosenberg, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ.

BRODKEY, J.

The issue presented in this case is whether the District Court erred in modifying a divorce decree by changing the custody of two minor children from their natural mother, Arlene J. Ahlman Adams, to their natural father, Nathan W. Ahlman, on the ground that there had been a change of circumstances since the two parents were divorced, and that it was in the best interests of the children to be placed in the custody of the father.   Arlene Adams has appealed to this court, contending that the judgment of the trial court is contrary to law and not sustained by sufficient evidence, and that the court erred in changing the custody of the children when

Arlene was not found to be an unfit parent or to have forfeited her right to custody. We affirm the judgment of the District Court.

The parties were married in 1969. Their son Christopher was born in September of that year, and their daughter Annicia was born in May 1971. On November 7, 1974, the parties were divorced, and custody of the children was awarded to Arlene pursuant to an agreement of the parties. Nathan was granted reasonable rights of visitation.

On October 15, 1976, Nathan filed an application for modification of the divorce decree to change the custody of the children from Arlene to himself. He alleged, in relevant part, that Arlene had failed to provide a fit and proper home for the children, that she had failed to provide proper medical and dental care for the children, and that she had exposed the children to an immoral and improper atmosphere by living with a man not her husband. Arlene denied these allegations, and requested the trial court to increase child support payments required of Nathan under the divorce decree.

The evidence adduced at the hearing in the District Court may be summarized as follows. Arlene resided in Waverly, Nebraska, after the divorce, and began living with Gregory Adams in May 1975. In October 1975, she bore their illegitimate child, and subsequently they and the three children moved to Ceresco, Nebraska. In 1976, they moved to Lincoln, where they have continued to reside in a two-bedroom apartment. In April 1977, after Nathan filed this action and approximately 1 week before the hearing in the trial court, Greg and Arlene were married. Nathan began living with a woman in November 1975, and married her in May 1976. Nathan and his present wife have no children, and reside in a house in Lincoln. Arlene and Nathan are employed, and each earns approximately $10,000 annually. Their respective spouses are also employed.

The record indicates that the children have a good relationship with both Arlene and Nathan and their spouses. The children have attended school regularly, and their teachers testified that they are progressing well in school, wearing clothing similar to that of their classmates, and are in good health. The children have never been physically abused. Arlene's home has been well-kept, and the children have received an adequate diet.

The children have had few health problems since the divorce. In October 1976, however, Annicia complained of a toothache caused by a cavity and decay in a tooth. Although Arlene made an appointment for Annicia at a dental clinic operated by the University of Nebraska, more than 5 months elapsed before the child received treatment. Arlene made no effort to take the child to a private dentist, notwithstanding it appears she had the financial ability to do so. Apparently neither child had had regular dental checkups or innoculations while in the custody of Arlene, but it appears their innoculations were updated in the fall of 1976 in accordance with a school requirement. In February 1977, the school nurse advised Arlene that Christopher was in need of eyeglasses, and Arlene made an appointment for Christopher for April 1977.

Nathan has regularly visited the children since they have been in Lincoln, and has provided religious education for them by accompanying them to church and Sunday school. He also enrolled them for swimming lessons. Arlene and Greg have taken the children camping and fishing.

Nathan and his present wife testified that the clothing of the children is sometimes ill-fitted and torn, and that they have cleaned and repaired the children's clothing when the children visit them. Nathan introduced in evidence a worn pair of Christopher's tennis shoes with holes therein, and oversized stockings worn by Annicia.

The evidence also indicated that Arlene has occasionally smoked marijuana in her home, and that the children were present on these occasions a "couple times." Arlene testified that her friends, one of whom was a minor, had smoked the marijuana in her home, but stated that the friends provided the marijuana and that she did not keep that controlled substance in the apartment.

The trial court concluded that there had been a change of circumstances since the divorce and that it was in the best interests of the children to be placed in the custody of Nathan. The court relied on the following findings in reaching its conclusions: Arlene had exposed the children to an immoral and improper atmosphere by cohabiting with Greg and bearing an illegitimate child, and had married Greg for the reason of Nathan's application to modify custody rights; Arlene had used marijuana in her home when the children were present and permitted a minor to use that substance in her home; Arlene had failed to provide religious training for the children and failed to properly provide for their medical and dental care; Greg had an unstable employment record and had not contributed to the stability and fitness of Arlene's home; Nathan had provided religious training for the children and is able to provide proper medical and dental care; Arlene is "less fit" to have custody of the children than is Nathan; and Nathan's home is a more stable, fit, and secure home for the children than is Arlene's home.

Arlene first contends that in order to transfer custody of minor children from the custodial parent to the noncustodial parent, the former must be shown to be unfit or to have forfeited his or her right to custody. Arlene relies on the general statement in Miller v. Miller, 196 Neb. 146, 241 N. W. 2d 666 (1976), that ordinarily courts may not properly deprive a parent of the custody of a minor child unless it is shown that such parent is unfit to perform the duties

imposed by the relation or has forfeited that right. In that same case, however, it is stated that a decree awarding custody of minor children and fixing child-support payments is not subject to modification in the absence of a material change in circumstances of a nature requiring modification in the best interests of the children, occurring subsequently to the entry of the decree. The correct rule is as stated in other cases, that a "decree fixing custody of minor children will not be modified unless there has been a change of circumstance indicating that a person having custody is unfit for that purpose *or* that the best interests of the child require such action." Bartley v. Bartley, 197 Neb. 246, 248 N. W. 2d 39 (1976). (Emphasis supplied.) See, also, Conger v. Conger, 194 Neb. 771, 235 N. W. 2d 634 (1975); Carper v. Rokus, 194 Neb. 113, 230 N. W. 2d 468 (1975). Arlene's contention that the trial court was required to find her unfit to have custody of the children before it transferred custody to Nathan is without merit.

Arlene's next contention is that the evidence was insufficient to warrant a change of custody from herself to Nathan. In cases involving child custody, the findings of the trial court will not ordinarily be disturbed on appeal unless there has been an abuse of discretion on the part of the trial court, or the findings of the court are clearly against the weight of the evidence. Conger v. Conger, *supra*; Schuller v. Schuller, 191 Neb. 266, 214 N. W. 2d 617 (1974). "The discretion of the trial court on granting or changing the custody of minor children is subject to review. However, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853 (1977). See, also, Schinkel v. Schinkel, 199 Neb. 1, 255 N. W. 2d 851 (1977).

This case is admittedly one in which both parties are able to set forth persuasive arguments in sup-

port of their respective positions. In many respects, Arlene has been a good mother and has provided a suitable home for the children. She has, however, adopted a life style which has included lengthy cohabitation with a man not then her husband, the bearing of his illegitimate child, and the illegal use of a controlled substance in the presence of the children. She also has not provided for various needs of the children as well as she should have.

Although any one of the factors relied on by the trial court, standing alone, might not be sufficient to warrant a change in custody, viewed together we believe that they support the conclusion of the trial court. Sexual misconduct is a factor which, although not necessarily determinative, may properly be considered in determining what is in the best interests of a child. See, Bartley v. Bartley, *supra*; Lockard v. Lockard, 193 Neb. 400, 227 N. W. 2d 581 (1975). Exposure to children of the illegal use of a controlled substance is obviously not in their best interests, and the trial court properly considered that factor in this case. Arlene's failure to give prompt attention to Annicia's dental problem, previously referred to, is also a factor relevant to whether custody should be modified.

In addition to the objective considerations referred to above, it is apparent that a case of this type requires a judgment, inevitably subjective in part, concerning the comparative fitness, security, and stability of the home of each parent. In this case the trial court, having observed the witnesses as well as having considered all the evidence, concluded that Nathan's home was more fit, secure, and stable than was Arlene's. This conclusion, we believe, is supported by the evidence.

After carefully reviewing the record, we conclude that the trial court did not err in changing the custody of the children from Arlene to Nathan. We cannot conclude from the evidence that the trial court

abused its discretion in its resolution of the sensitive and difficult question before it of what was in the best interests of the children. Its judgment is clearly not against the weight of the evidence. Therefore the judgment of the District Court must be affirmed.

AFFIRMED.

CLINTON, J., participating on briefs.