EVELYNE E. SWEARINGEN, APPELLANT, V. JAMES W. SWEARINGEN, APPELLEE.

267 N. W. 2d 514

Filed June 28, 1978. No. 41534.

John C. Brownrigg of Eisenstatt, Higgins, Kinnamon, Okun & Stern, for appellant.

Richard J. Dinsmore of Dolan & Dinsmore, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This case involves the custody of an 11-year-old girl. The mother-appellant, Evelyne E. Swearingen, had been granted custody of the child approximately 14 months before the filing of the motion herein. This present proceeding was initiated by motion of the mother seeking permission to move the child to Michigan. The District Court changed the custody. It retained the legal custody of the child in the court but placed possession with the father-appellee, James W. Swearingen, for a period not to exceed 1 year. It further provided at the expiration of a year, or before, the court would review the matter for the purpose of determining whether full custody should be given to the father. The mother appeals. We affirm.

Jann Marie Swearingen was born December 17, 1966. Her parents were divorced April 21, 1975, and she was placed in her mother's custody. The appellant had three other children from a previous marriage — two boys and a girl. The boys were 14 and 16, and the girl 18 at the time of the trial.

The marriage of the parties had been a stormy one. Appellee was an appliance salesman and appellant an elementary school teacher. At the time of trial she had taught for 9 years for the Papillion school district. Appellee had become a very heavy drinker, consuming 24 or more beers a day. For a period of time he was taking several times the normal dosage of Sominex, an over-the-counter sleeping pill. At his wife's insistence, in an effort to save the marriage, he sought psychiatric help. The medical testimony indicated that Sominex contained a drug called scopolamine, which is also called "twilight sleep." The taking of Sominex with alcohol could cause a person to forget what he did under its influence.

While the divorce was pending, appellant made the acquaintance of a Mr. Gaubatz, who was an insurance agent from Michigan visiting in Omaha. After he returned to Michigan, they corresponded and she subsequently made trips to Michigan to seek employment preparatory to moving to Detroit. After her divorce became final, they contemplated marriage. A month after the divorce decree was signed, appellee filed a motion for custody of the child, claiming it was his information appellant was planning to move the child from the jurisdiction of the court to Detroit, Michigan. No action was taken on this motion. The present action is the result of appellant's motion.

By September of 1975, appellant had sold the family home in Omaha and moved to an apartment. She established a guardianship for her oldest daughter with a Mrs. Kush so her daughter could finish her senior year in the Millard high school without payment of out-of-district tuition.

In October 1975, Mr. Gaubatz moved to Omaha. He was separated from his wife and later was divorced. Mr. Gaubatz had a separate residence, but on two different occasions, totaling approximately 1½ weeks, he did stay in appellant's apartment.

On June 3, 1976, Judge O'Brien denied appellant's application for permission to move Jann Marie to Michigan. He placed the custody of the child in the court, with possession in Mr. Swearingen until further order of the court.

Twenty days following the entry of Judge O'Brien's order, appellant, through new counsel, filed a motion to reconsider, alleging: (1) The order entered was not in the best interests of Jann Marie Swearingen, and (2) the appellee was not a fit and proper person to have either custody or possession of the minor child. In Judge O'Brien's absence, Judge Caniglia heard the motion on an emergency basis, but limited the introduction of testimony to that of

the appellant. After hearing the testimony of appellant, Judge Caniglia ruled the custody and possession of the minor child should remain in the District Court pending a final hearing.

The matter came on for hearing on March 14, 1977, before the Honorable James Murphy. Additional testimony was elicited from the witnesses and the court reviewed all the testimony from the two previous hearings. Judge Murphy specifically found appellee was a fit and proper person to have the possession of Jann Marie Swearingen, but retained custody of the minor child in the court for a period not to exceed 1 year.

It will serve no useful purpose to review in detail the evidence adduced at the several hearings. Suffice it to say that appellee had been involved in some sexual deviate conduct before his stepchildren, which he testified was the result of drink and drugs. The evidence would also indicate the appellant had been less than a satisfactory mother for over a period of a year previous to the hearing. There was testimony her children from the previous marriage were out of hand because of lack of supervision. There was evidence they had been involved in drinking and smoking marijuana. The police were called to the home on one occasion while the mother was in Detroit. Jann Marie was left in the care of her brothers while the mother was gone from the home. On some occasions when she was unsupervised she called a neighbor or her father. On these occasions she would be crying. The oldest boy left the appellant's home because of conflicts with his mother. At the time of the hearing he was living with his natural father.

The medical and the psychiatric testimony indicated that appellee had apparently solved his problem. Jann Marie, with whom appellee had a good relationship, expressed a strong desire to live with her father rather than her mother. The trial judge

visited with the child in the presence of counsel and a social worker who had been in contact with her. Testimony was adduced that both parties were fit and proper persons to have her custody and control. There was also testimony to the contrary. These were disputed fact questions resolved by the trial court. The court found there had been a change in circumstances since the divorce decree sufficient to justify a change of custody, and specifically found Mr. Swearingen to be a fit and proper person to have the possession of Jann Marie until further order of the court.

Appellant assigns as error the finding that the best interests of Jann Marie would be served by awarding her possession to her father; the finding that the father was a fit and proper person to have her possession; and the finding that there had been such a change of circumstances as to warrant the removal of Jann Marie's custody from appellant, Mrs. Swearingen.

While equity cases are heard de novo in this court, in determining the weight to be given the evidence this court will consider the fact that the trial court observed the witnesses and their manner of testifying. Bailey v. Mahr, 199 Neb. 29, 255 N. W. 2d 866 (1977).

We do not agree with appellant that the evidence is not sufficient to find such a change in circumstances as to warrant the removal of the custody and the possession of Jann Marie from Mrs. Swearingen, or to award such possession to Mr. Swearingen. On the record, it would have been possible for the trial court to have found that neither of the parties was entitled to possession of the child. Rather than making so final a determination, obviously considering the best interests of the child, the court retained custody in itself and placed the possession of the child with her father. It would seem this solution offered the most stability for the present. While

there are features of the case which are disturbing, the trial court is in the best position to determine what is for the best interests of Jann Marie, which is the criterion that must be the polestar herein.

"A decree fixing custody of a minor child will not be modified unless there has been a change of circumstances indicating that the person having custody is unfit for that purpose *or* that the best interests of the child require such action." Bartley v. Bartley, 197 Neb. 246, 248 N. W. 2d 39 (1976). (Emphasis supplied.)

While the discretion of the trial court on granting or changing custody of minor children is subject to review, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853 (1977).

Everyone who testified about the attitude of the child indicated her strong feeling for her father. On the record before us, we believe the solution reached by the trial court is a proper one. The order made is in the best interests of Jann Marie. The judgment is affirmed. Costs herein are assessed against the party incurring the same.

AFFIRMED.