BEVERLY J. (SENA) LONG, APPELLANT, v.
ROBERT SENA, APPELLEE.

271 N. W. 2d 338

Filed November 8, 1978. No. 41832.

Carl I. Klekers, for appellant.

Thomas J. Garvey, for appellee.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

SPENCER, C. J., Pro Tem.

Beverly J. (Sena) Long appeals from an order of the District Court terminating her custody of her minor children, placing temporary possession in the father, but retaining custody in the District Court. We affirm as modified.

The parties were married in Ralston, Nebraska, on December 30, 1966. It was the second marriage for appellant and the first for the appellee. Three children were born as the issue of the marriage: Robert Sena, August 17, 1967; Michael Sena, January 13, 1970; and Tammy J. Sena, March 13, 1971. The youngest child was born after the entry of the decree dissolving the marriage, which was entered November 19, 1970. Appellant was awarded custody of the minor children, subject to specified visitation rights for appellee.

Shortly after the divorce appellee moved to Denver, Colorado, where he is on permanent duty assignment in the Air Force. He remarried in 1972. He and his present wife have one child of their own who was 10 months old at the time of the trial. They live in a four-bedroom house which appellee is purchasing. His take-home pay is approximately $800 per month. His wife also works and earns approximately $600 per month.

Appellant has remarried twice since the divorce and is now separated from her fourth husband. Although not entirely clear from the record, it appears this separation occurred around September 1976. As a result of it appellant required psychiatric care and was hospitalized for 2 months because of depression. During this period of hospitalization appellant's mother took care of the children.

The application to modify the child custody decree was filed in November 1976. When appellant failed to appear at the hearing set for the 14th of September 1977, the decree was modified to transfer the custody to appellee. This default judgment was vacated and after a trial on November 2, 1977, the decree being appealed from was entered.

In March 1977, appellant took the children to Denver. She called appellee while enroute to inform him they were coming, and she left them with him for a few days. According to appellee, the children told him they were afraid to return to Nebraska because appellant had gone to a bar in Omaha and broken some windows on a truck. Appellant denied this incident had ever happened. When appellant returned for the children, appellee refused to give them to her. While attempting to get the children back she was arrested for disturbing the peace, resisting arrest, and assaulting an officer. These charges were later dismissed and appellant obtained a court order for the return of the children.

In July 1977, appellant and the children moved to Warsaw, Missouri, where appellant's parents live in retirement. This move was without court approval. The children were enrolled in school there. The report from the school states they attended regularly; appeared healthy and properly cared for; were performing satisfactorily; were well behaved; had friends; and got along well with others. Appellant did admit that the oldest child, who was in the fifth grade, had been enrolled in seven different schools. The children attended Sunday school regularly and participated in the church choir. A physical examination shortly before trial revealed no health problems in any of the children.

Both parties submitted to a court-ordered psychiatric examination. The psychiatrist testified appellant appears to have recovered from her depression and that he only observed some anxiety which he re-

lated to the trial. Appellee, who had also suffered from depression at about the time of the divorce from appellant, now appeared stable according to the psychiatrist. In the psychiatrist's opinion both probably would be good parents.

In the application to modify it was alleged that appellant had been charged with carrying a concealed weapon. Appellant denied this but she did admit to carrying a gun in the glove compartment of her car.

At the conclusion of the hearing the trial judge interviewed the children in chambers without a court reporter present. He then called appellant to the stand and asked her whether she was dating a man referred to as "Doc." She replied that she was. The court then announced its decision, stating: "Children tell things, and unexpectedly tell things. They told me enough in this case that I feel that it is in the best interest of the children that they be awarded to their father. I am going to give the permanent — temporary custody or possession of the children to the father. I am going to take custody in the Court. I find that Mrs. Sena, under the circumstances, is not a fit and proper person to have the continued care, custody and control of these children. She's been married twice since she was married to this Respondent. She is now separated from her husband. She is living in another state, without the permission of this Court with the children. She is dating another man. The children affectionately refer to him as Doc, and I feel that under those circumstances these children have no security, no stability, nothing that would make them, in my opinion, good useful citizens."

Appellee was given immédiate possession of the children. Custody was retained by the court. The order makes no provision for visitation by appellant.

The real criterion in child custody cases has repeatedly been enunciated by this court as follows: "The proper rule in a divorce case, where the cus-

tody of minor children is involved, is that the custody of the child is to be determined by the best interests of the child, with due regard for the superior rights of fit, proper, and suitable parents." Jones v. Jones, 183 Neb. 223, 159 N. W. 2d 544 (1968).

"A decree fixing custody of a minor child will not be modified unless there has been a change of circumstances indicating that the person having custody is unfit for that purpose *or* that the best interests of the child require such action." (Emphasis supplied.) Swearingen v. Swearingen, 201 Neb. 255, 267 N. W. 2d 514 (1978).

In this case the court specifically found appellant was not a fit and proper person to have the care of the children and further that it was for the best interests of the children to change their custody. He did so, however, on a temporary basis by retaining the custody of the children in the court, and giving their temporary possession to their father, the appellee.

"While the discretion of the trial court on granting or changing custody of minor children is subject to review, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Swearingen v. Swearingen, *supra.*

The trial judge in this instance had an opportunity to observe the parents as well as the children and to visit personally with the children. While we do not have the benefit of the court's conversation with the children, and in the absence of it the question may be a close one, we cannot say that the court abused its discretion. On the record it does appear that the appellee, who as a father would ordinarily have an equal right with the mother to the custody of the children, can offer them a more stable environment. The appellant, however, should be permitted to have reasonable visitation rights, and the decree should be so modified.

The judgment is affirmed, insofar as it pertains to the custody of the children, but is remanded to the District Court to provide reasonable visitation rights for the appellant.

AFFIRMED AS MODIFIED, AND
REMANDED WITH DIRECTIONS.