SHIRRALE KAY DUFF, APPELLANT, v. DOUGLAS J. DUFF, APPELLEE.

280 N. W. 2d 69

Filed June 19, 1979. No. 42185.

Pierson, Ackerman, Fitchett & Akin, for appellant.

Healey, Healey, Brown & Wieland, for appellee.

Heard before BOSLAUGH, CLINTON, BRODKEY, and HASTINGS, JJ., and BARTU, District Judge.

BARTU, District Judge.

Petitioner-appellant, Shirrale Kay Duff, appeals from an order modifying a decree of dissolution, changing custody of three minor children, Linda Rae Duff, age 12, James Allen Duff, age 11, and Douglas J. Duff, Jr., age 9, from her to respondent-appellee, Douglas J. Duff.

In the modification action, the trial court specifically found that both petitioner and respondent were fit and proper persons to have custody of the three minor children. A decree fixing custody of minor children will not be modified unless there has been a change of circumstances indicating that the person having custody is unfit for that purpose *or* that the best interests of the children require such action. Ahlman v. Ahlman, 201 Neb. 273, 267 N. W. 2d 521 (1978).

The sole and only issue presented is whether the best interests of the children required the change of custody, considering the changes in circumstances of the parties and of the children subsequent to the dissolution.

In determining the question of who should have the care and custody of the children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children. Many factors may be considered in light of the particular circumstances of each individual case. The general considerations of respective environments offered by each parent, the emotional relationship between the children and their parents, their age, sex, and health, the effect on the children of continuing or disrupting an existing relationship, the attitude and the stability of character of each parent, and the capacity to furnish the physical care, education, and needs of the children are some of the many factors

for the court to consider. Moninger v. Moninger, 202 Neb. 494, 276 N. W. 2d 100 (1979); Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111 (1974).

The discretion of the trial court in such a situation is necessarily subjective and must be founded to a significant extent upon its observation of the parties and the review of all the minute details that affect the general welfare and the best interests of the children. It also must necessarily be prospective in nature. Gilman v. Riis, 190 Neb. 409, 209 N. W. 2d 173 (1973).

What are the standards for review? Equity cases are heard de novo in this court; however, in determining the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying. Bailey v. Mahr, 199 Neb. 29, 255 N. W. 2d 866 (1977); Swearingen v. Swearingen, 201 Neb. 255, 267 N. W. 2d 514 (1978).

The determination of the trial court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853 (1977).

Was the order changing custody a clear abuse of discretion or clearly against the weight of the evidence? We examine the record de novo. Subsequent to the dissolution on October 24, 1975, petitioner moved with her children from Lincoln, Nebraska, on July 31, 1977, to the home of Sterling Legate near Elgin, Nebraska, with the intention of later marrying Mr. Legate, which she did on November 5, 1977. The children remained with petitioner in the home of Mr. Legate until August 16, 1977, when they were delivered for visitation with the respondent to respondent's present wife, whom he married on August 19, 1977. Although respondent's wife indicated that the children would be returned in 1 week, respondent refused to return the

children, and made application for and received temporary custody of them on August 26, 1977, pending home-study investigations.

An investigation into the homes of the respective parties was made by the juvenile probation officer, and a report was filed with the trial court on November 2, 1977. On November 18, 1977, the trial court placed temporary custody of the children with the respondent for the remainder of the first semester of school, pending further investigation. Petitioner was granted visitation on alternate weekends.

On March 1, 1978, respondent moved for permanent custody of the children, and on March 29, 1978, and April 18, 1978, trial was held, at which the juvenile probation officer, the parties, and their spouses testified. On April 28, 1978, the children were interviewed by the court.

Respondent, at the time of trial, was 36 years old, and had not graduated from high school. He owns and drives a truck, which is leased to Crete Carrier Corporation, and is paid by the load. Respondent tries to work for 10 straight days and then take 4 days off, so his job requires him to spend considerable time away from the children.

Respondent owns and lives in a house with the children in Bennet, Nebraska, directly across the street from the home of petitioner's parents. The house is an older, two-story, four-bedroom structure being remodeled, and is situated upon a large lot upon which respondent and his wife raise a garden and provide much of the family's food supplies through canning and freezing the produce. There are also rabbit hutches and geese on the property, and the children willingly participate in the gardening, canning, and raising of the animals.

Respondent's present wife is 26 years old and a graduate of Doane College, where she majored in sociology and psychology. She is active in various community projects, and the juvenile probation of-

ficer indicated that she had a calming influence upon the children. There was, however, testimony regarding a conflict between respondent's present wife and Linda, which the juvenile probation officer atributed to emotional difficulties Linda had experienced as a result of a number of things, including the divorce and custody proceedings, but also indicated the problem had been resolved through counseling.

Petitioner had lived in Bennet, Nebraska, for most of her life, where she attended and was graduated from the Bennet High School. Subsequent to graduation, she worked as a clerk-typist at the University of Nebraska. Subsequent to the divorce, petitioner held several jobs, including work as a cook in a truckstop near Elgin, Nebraska. At the time of trial, she was unemployed. Petitioner's present husband is 42 years old and employed full time at Roker Industries, earning $3.75 an hour. During the winter months, he works weekends as a bartender in a steak house. He also owns a 320-acre farm, which grossed $25,000 in 1977.

The Legate home is a ranch-style frame house with four bedrooms, and is located on his farm between Elgin and Neligh, Nebraska.

Petitioner's present husband has been married twice before, and has five children from the first marriage and one child from the second marriage. The child from the second marriage, who is four years old, is in the custody of Mr. Legate, and gets along well with petitioner's children.

The juvenile probation officer testified that in her opinion both parties were adequate parents. The juvenile probation officer's report, filed with the trial court, indicated that all three children expressed a preference to live with their father and, in a personal interview with the trial court, Linda Duff indicated it did not make any difference to her where she lived, but she believed it would be better

if all of the children lived together. James Duff and Douglas Duff advised the court that they preferred to live with their father.

The record establishes that there have been material changes in the circumstances of the parties and of the children. The petitioner has removed herself from the community in which the children were raised, in which their father and maternal grandparents reside, and, obviously, where the only friends that they know reside. The children's expressions of wanting to live with their father and wanting to live together, while not controlling upon the court, were obviously given great weight by the trial court, and correctly so, in determining their best interests.

The change of custody order was certainly not an abuse of discretion and is supported by the evidence. Accordingly, the judgment of the trial court is affirmed.

AFFIRMED.