LINDA K. TURNER, APPELLANT, V. STEVE W. TURNER, APPELLEE.

286 N. W. 2d 100

Filed December 11, 1979. No. 42447.

E. H. Powell, for appellant.

Russell & Mousel, P.C., for appellee.

Heard before BOSLAUGH, CLINTON, and McCOWN, JJ., and COLWELL and L. W. KELLY, JR., District Judges.

COLWELL, District Judge.

Petitioner, Linda K. Turner, appeals from a decree of dissolution claiming as error an abuse of discretion by the trial court and the awarding of custody of Craig, age 4, to respondent father, Steve W. Turner.

The parties were married in 1972; petitioner has two children by a prior marriage; and they lived in New Mexico and Colorado prior to moving to Bartley, Nebraska, in March 1977. Linda first filed a petition for separation, and by stipulation temporary custody was awarded to Linda on July 1, 1977. In November 1977, Linda moved with her three children to her present residence at Giltner, Nebraska, some 150 miles distant. Upon application of Steve and following a hearing, the temporary custody order was modified on December 22, 1977, awarding

custody of Craig to Steve. On May 9, 1978, upon motion of Steve, Linda's petition was amended praying for a dissolution of marriage, custody of Craig, and other relief. The issues were joined and upon trial on August 28, 1978, a decree of dissolution was entered awarding custody of Craig to Steve. We affirm.

During the marriage both parties were employed, each contributing their earnings and resources to the marriage. Steve has been employed full time as a custodian and bus driver by the Bartley public schools since the summer of 1977. In September 1977, Linda began training as an over-the-road truck driver, and since December 1977, she has been so employed full time, generally traveling to the West Coast and return. Her employment takes her away from Giltner from 5 to 7 days at a time, and upon return from each trip she usually has free time from 3 to 7 days. While she is away from Giltner her children are under the care of a Giltner family having other young children in the home.

"In determining the question of who should have the care and custody of a child upon the dissolution of a marriage, the paramount consideration must be the best interests and welfare of the child. * * * Usually the trial court is in the best position to make this determination.

"Our law is clear. The discretion of the trial court on the granting or changing of custody of minor children is subject to review. However, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853.

It is settled law that this court, in considering this appeal de novo, will give weight to the fact that the trial court observed the witnesses and their manner of testifying. Schuller v. Schuller, 191 Neb. 266, 214 N. W. 2d 617.

The principle question for the trial court and for

our decision is the best interests of the minor child, Craig, with focus on the child's need for parental supervision and a stable home environment. At trial the court found that both parties were fit parents to have custody of the minor child. Linda is not critical of the care and supervision given to Craig by Steve. Generally, Steve's hours are from 7 a.m., to 6 p.m., with a 2-hour layoff in the afternoon. His home in Bartley is adequate and when he is absent from the home a babysitter is present to supervise Craig. Linda's employment as a trucker requires her absence from the home for extended periods during which time the supervision of Craig would be by a neighbor family. Linda intends to continue her employment as a truck driver. She argues that the custody of a child of tender years should be awarded to her as the natural mother, citing as authority Hodges v. Hodges, 154 Neb. 178, 47 N. W. 2d 361, and other cases. The tender age of the child is, of course, a matter which a court should consider in determining to which parent custody should be given. However, in this case the child is 4 years of age and the mother is gone from the home for many days at a time. No presumption of degree of fitness of a parent arises from sex alone. § 42-364, R. R. S. 1943.

From the review of the entire record, the trial court gave studied and full consideration of the best interests of Craig and there is no showing of abuse of discretion. The award of custody of Craig to Steve was fully supported by the evidence.

AFFIRMED.