Douglas Joe Sikes, appellee, v. Joel Darlene Sikes, appellant.

288 N. W. 2d 43

Filed February 5, 1980.  No. 42514.

Mitchell & Demerath, for appellant.

Randall Alexander, for appellee.

Heard before BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ., and ENDACOTT, District Judge.

ENDACOTT, District Judge.

This is a dissolution of marriage proceeding. The petitioner husband was awarded custody of the parties' only child, a 3-year-old boy. The respondent wife appeals from this decision. We affirm.

The issues on appeal are whether the court abused its discretion and whether its decision was contrary to either the evidence or the law.

The couple was married in 1972. Their son was born November 9, 1975. The marriage was a stormy one. In November 1977 the husband filed the present action. A decree of dissolution was entered on March 29, 1978. However, ruling was reserved on the custody issue. Each party was to be afforded a period of temporary physical custody while under observation by the

Buffalo County Department of Social Services.

On November 17, 1978, trial was held on the custody issue. In its supplemental decree, the court awarded custody to the husband. It is from this decision that the wife appeals.

It would serve little useful purpose to set forth in any detail the story of the couple's unhappy marriage, or to dwell upon the weaknesses and frailties, real or imagined, which each spouse sees in the other. Suffice it to say that the record is replete with irreconcilable conflicts in the evidence. When such conflicts exist, weight will be given to the fact that the trial court accepted one version of the facts rather than the other. Blome v. Blome, 201 Neb. 687, 271 N. W. 2d 466 (1978). And, in considering this appeal de novo, weight will also be given to the fact that the trial court observed the witnesses and their manner of testifying. Schuller v. Schuller, 191 Neb. 266, 214 N. W. 2d 617 (1974). As was noted in Christensen v. Christensen, 191 Neb. 355, 215 N. W. 2d 111 (1974), the judgment concerning child custody is necessarily quite subjective in nature. Many factors may be considered in light of the particular circumstances of each individual case. The Christensen decision then lists some of these many factors for the court to consider. Of course, above all else, the paramount consideration must be the best interests and welfare of the child. § 42-364, R. R. S. 1943. A review of the record in the present case makes it abundantly clear that the trial judge, who heard and observed the witnesses, gave careful consideration to the many appropriate factors in the particular circumstances of this case. In its supplemental decree, the trial court specifically found that the father was living in a trailer which would be physically suitable to house the minor child; that the father was regularly employed and appeared to have stability in job employment and work goals; and that the mother continued to reside with her mother, ap-

peared to have emotional problems, and, while recognizing the need for job training, appeared to be somewhat undecided and wavering as to her employment future. The court also found that, although it may be medically and emotionally helpful to the mother to have custody of her son, such custody may adversely affect the emotional and mental health of the boy and may not be in his best interests. The court then found that it would be in the best interests of the child that custody be granted to the father subject to visitation by the mother.

The discretion of the trial court on the granting of custody of minor children is, of course, subject to review. However, the determination of the trial court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Allen v. Allen, 198 Neb. 544, 253 N. W. 2d 853 (1977). Upon a review of the record, we find no abuse of discretion by the trial court. There is more than sufficient evidence to support its decision awarding custody of the son to his father.

AFFIRMED.