SHELLEY S. MARTS, APPELLANT, v. ROBERT E. MARTS, APPELLEE.

290 N. W. 2d 816

Filed April 8, 1980. No. 42756.

Russell S. Daub, for appellant.

John Thomas, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ.

HASTINGS, J.

This is an appeal by the petitioner, Shelley S. Marts (Shelley), from an order of the District Court for Douglas County, Nebraska, modifying a divorce decree to change custody of the parties' 9-year-old daughter, Heather. The modification changed custody from the petitioner to the court, with physical possession being placed with the respondent, Robert E. Marts (Robert). Shelley claims the trial court erred and alleges that there are no facts in the record to support a finding that the best interests of the child required a change of custody. We affirm.

The principles which control this type of case may be stated as follows: The best interests of the minor children is the paramount consideration in determining custodial issues. *Fleharty v. Fleharty,* 202 Neb. 245, 274 N.W.2d 871 (1979); *Broadstone v. Broadstone,* 190 Neb. 299, 207 N.W.2d 682 (1973). Where a decree has been entered following trial on the merits which awards custody of minor children, it is ordinarily not subject to modification in the absence

of a material change of circumstances occurring subsequent to the entry of the decree. *Buchele v. Tuel*, 204 Neb. 641, 284 N.W.2d 564 (1979); *Gray v. Gray*, 192 Neb. 392, 220 N.W.2d 542 (1974). The discretion of the trial court on the granting or changing of custody of minor children is subject to review. However, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. *Turner v. Turner*, 205 Neb. 6, 286 N.W.2d 100 (1979).

There is little evidence of the circumstances that existed at the time of the original divorce decree. The record indicates that Shelley was bringing up Heather in a fairly normal one-parent family situation, while Robert regularly paid his child support. At times, neither parent provided the child with an exemplary lifestyle. Shelley has lived with her boyfriends on at least two different occasions, while Robert has since married the woman with whom he had been living. Perhaps the main difference between the two is that Shelley engaged in her affairs while she had custody of the child, a fact which may encourage the child to view that type of lifestyle as common and proper, when in reality it is not.

Testimony from a psychologist, Dr. Kenneth Berry, indicated that Heather was adult-oriented and somewhat independent. This appears to be due to her relationships with her mother's various male friends and the fact that frequent residential moves have left her with very few, if any, child playmates. Dr. Berry stated there was no evidence of Heather being emotionally disturbed and that she had adequate educational development.

Shelley is now a student at the University of Nebraska-Omaha. She is working part time at two different jobs for a total of approximately 30 hours each month. There is a conflict of evidence as to how many times Shelley has moved to different

rental units in Omaha, but by her own admission she has moved at least five times. During the course of one of these moves, Shelley did not notify Robert of her or the child's new address for nearly 1 year. Heather was once found alone and unattended by a juvenile officer. Robert had to leave work to wait with the child in juvenile court until Shelley could be located. Shelley has been living in an apartment with a man for approximately 18 months. The couple stated they planned to be married in 1978, but no marriage has yet occurred.

Robert has since remarried and owns a house in a stable family neighborhood in Omaha. He has demonstrated a renewed interest and concern for Heather. He has a steady full-time job with the Douglas County Data Processing Center. There is testimony his new wife and Heather have a good relationship and have participated in various educational and social activities together.

The issue of child custody was not contested in the original divorce decree. While neither party has been found to be an unfit parent, the District Court did make sufficient findings of fact to indicate there has been a material change of circumstances over the past 5 years. Shelley has expressed a desire to further her career in the theater, possibly as a drama instructor. Her current boyfriend is a professional actor. She admits that further travels may be required in order to enhance career opportunities. While her desire for success and stardom may be meritorious, the somewhat transient lifestyle is apt to be detrimental to a child of Heather's age. Dr. Berry stated that while both parents were fit to have custody; it would not be detrimental to Heather to have her live with her father. We conclude on independent examination of the record that there has been a change in circumstances in the deteriorating lifestyle of Shelley, detrimental to the environment of a child of Heather's age, whereas

Robert's attitude as a father has matured and improved to the point where it is fairly obvious that he is in a position to provide a more stable and natural home life for Heather at this time.

We affirm the decision of the District Court.

AFFIRMED.

CLINTON, J., participating on briefs.