JAMES T. CURFMAN, APPELLANT, V.
WANDA G. CURFMAN, APPELLEE.

295 N.W.2d 299

Filed August 8, 1980. No. 42938.

Gregg C. Harris for Munro & Munro, P.C., for appellant.

Charles W. Hastings for Dunmire & Blessing for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is an appeal in an action for dissolution of marriage in which the only error assigned is that the court

erred in awarding custody of Shane, the only child of the parties, to Wanda Curfman, respondent, the appellee here. It is asserted that in so doing, the court disregarded certain provisions of Neb. Rev. Stat. § 42-364 (Reissue 1978) which prescribe the considerations to be used in determining custody. We affirm.

A brief marital history and outline of the litigation will be useful. James Curfman and Wanda were married November 28, 1970. Shane was the only child born to the union and, at the time of the order from which the appeal was taken, he was 8 years of age. The action for dissolution was filed on June 7, 1978. Shortly thereafter, temporary custody was awarded to Wanda who, at that time, was living temporarily with her parents in Belleville, Kansas. On November 8, 1978, the court found the marriage was irretrievably broken and entered an order of dissolution. At that time, it terminated the temporary custody arrangement, took legal custody in the court, and placed physical custody in James who was then and is now a resident of the city of Kearney. At the same time, it ordered that the county division of welfare make periodic inspections and reports relating to the fitness of the parties for custody. During both periods of custody, there was considerable conflict between the parties in connection with visitation rights.

On August 8, 1979, after further hearing at which both parties presented evidence, the court found that the best interests of the child would be served if he were placed with Wanda and entered an order awarding custody to her. The order also prescribed visitation rights of James including physical possession for 6 consecutive weeks during the summer vacation; 1 week, including Christmas day, during the Christmas vacation period in each even-numbered year; and 1 weekend each month. The order also provided the details for transportation between the homes of the parties.

During the approximately 9-month period in which James had physical custody, Wanda had remarried and was residing in Sedgwick, Kansas. Her husband had

custody of a young boy born of his earlier marriage. James had not remarried, but was dating a divorcee who had custody of three children of her prior marriage.

The social welfare study submitted by the county division of welfare found that James would be an able and suitable parent. It made no findings with reference to Wanda.

Both parties presented evidence which reflected unfavorably on the other. Some of that evidence was in sharp conflict. However, the record does quite clearly support the conclusion that during the pendency of the proceedings and before her second marriage, Wanda engaged in illicit sexual relations with her husband-to-be.

James argues that the court, in making its determination, disregarded the following provisions of § 42-364(1): "In determining with which of the parents the children, or any of them, shall remain, the court shall consider the best interests of the children, which shall include, but not be limited to:

"(a) The relationship of the children to each parent prior to the commencement of the action or any subsequent hearing;

"(b) The desires and wishes of the children if of an age of comprehension regardless of their chronological age, when such desires and wishes are based on sound reasoning; and

"(c) The general health, welfare, and social behavior of the children."

The difficulty with James' argument in support of this claim is that he takes a view of the evidence which resolves all disputed matters in his own favor. We see no purpose in dissecting the evidence in detail. The evidence shows that the relationship between Shane and each of his parents is good. He told the welfare agency he could not choose between them. Both parents appear to love Shane and want to do for him the best they are able.

The following rules are applicable to our review here: "In determining the question of who should have the care

and custody of minor children upon the dissolution of a marriage, the paramount consideration is the best interests and welfare of the children.

"In any custody determination, the discretion of the trial court in such a situation is necessarily subjective and must be founded to a significant extent upon its observation of the parties and the review of all the minute details that affect the general welfare and the best interests of the children. It also must necessarily be prospective in nature.

"Equity cases are heard de novo in this court; however, in determining the weight to be given the evidence, this court will consider the fact that the trial court observed the witnesses and their manner of testifying.

"A custody order of the trial court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence." *Duff v. Duff*, 203 Neb. 767, 280 N.W.2d 69 (1979) (syllabus of the court).

Having carefully reviewed the evidence, we are unable to conclude that the order of the trial court is clearly an abuse of discretion or clearly against the weight of the evidence.

The parties will bear their own costs incurred in this court, including attorney fees.

AFFIRMED.