CHERYL A. KRINGEL, APPELLANT, V.
DON W. KRINGEL, APPELLEE.
298 N.W.2d 150

Filed October 31, 1980. No. 42971.

Stephen K. Yungblut for appellant.

Jerry L. Snyder for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BRODKEY, J.

Cheryl A. Kringel (Cheryl) appeals from the decree entered by the District Court for Lancaster County, Nebraska, dissolving her marriage to Don W. Kringel (Don), distributing the property of the marriage, and awarding physical custody of the minor children of the marriage to Don. We affirm.

Cheryl and Don were married in Lincoln, Nebraska, on February 5, 1969, and resided in Newport, Rhode Island, where Don was stationed with the U. S. Navy. In November of 1971, Don was honorably discharged from the Navy prior to the birth of the parties' first child, Tara Kringel. Two weeks after Tara's birth, the parties returned to Lincoln, Nebraska, where Don became employed full-time at the University of Nebraska at Lincoln, and Cheryl worked on a part-time basis. The parties' second child, Neil Kringel, was born in February of 1976; and shortly thereafter, the family moved to Lexington, Nebraska, where Don was employed at a Chevrolet dealership.

In March of 1977, Don suffered serious injuries as a result of a motorcycle accident. Cheryl testified that, while her marriage with Don had been a good one, after the accident Don became emotionally withdrawn from the family and that the marital relationship became strained. The parties returned to Lincoln, Nebraska, in June of 1977, where Don obtained employment at another Chevrolet dealership and Cheryl began full-time employment with an insurance company. The relationship of the parties remained strained. Evidence adduced indicates that Cheryl became involved in an adulterous situation which lasted over a 6-week period, during which time she would leave the house and not return until the next day. The tension climaxed in an argument between the parties on December 1, 1978, after which Cheryl left the Kringel house. The parties met several times thereafter to discuss their relationship and decided that it would be best for their minor children to stay with their paternal grandparents in Arkansas on a temporary basis. On Decem-

ber 5, 1978, Tara and Neil were taken from Lincoln to Rogers, Arkansas, to reside with their paternal grandparents.

On December 12, 1978, Cheryl filed a petition seeking the dissolution of her marriage and temporary custody of Tara and Neil. A hearing to determine temporary custody was held on December 18, 1978, at which time the court awarded temporary legal custody to Don with temporary physical custody in the paternal grandparents. The children resided in Arkansas through February of 1979, at which time the paternal grandparents returned to Lincoln, Nebraska, where the children are presently residing with their father and paternal grandparents.

In its final decree of dissolution, entered on August 16, 1979, the court determined that the best interests of the children would be served by placing legal custody of the children in the court, under the supervision of the Juvenile Probation Office of Lancaster County, Nebraska, until further order of the court and that the physical custody of the children should be placed in Don, subject to certain rights of visitation granted to Cheryl. In addition, the court ordered Cheryl to pay child support in the sum of $25 per child per month until the children reach legal age, become free and emancipated, are no longer dependent upon Don for support, or until further order of the court. The sole issue on appeal is whether the trial court properly exercised its discretion in determining that the physical custody of the children with Don was in the best interests of the children.

In determining the question of which parent should have care and custody of the minor children upon the dissolution of a marriage, the paramount consideration must be the best interests of the children. *Curfman v. Curfman, ante* p. 1, 295 N.W.2d 299 (1980); *Whitlatch v. Whitlatch*, 206 Neb. 527, 293 N.W.2d 856 (1980); *Sikes v. Sikes*, 205 Neb. 441, 288 N.W.2d 43 (1980). As was noted in *Christensen v. Christensen*, 191 Neb. 355, 215 N.W.2d 111 (1974), the judgment concerning the

best interests of children is quite subjective in nature. This being so, many factors must be considered in light of the circumstances of each particular case. The general considerations of the moral fitness of the parents; the respective environments offered by each parent; the emotional relationships between the children and their parents; and the age, sex, and health of the children are some of the many factors for the court to consider. In evaluating the general concept of the best interests and welfare of the children, it is settled and fundamental law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parties at the trial.

In addition, this court has stated that sexual misconduct is a factor which, although not necessarily determinative, may be properly considered in determining the best interests of the children. *Ahlman v. Ahlman*, 201 Neb. 273, 267 N.W.2d 521 (1978); *Lockard v. Lockard*, 193 Neb. 400, 227 N.W.2d 581 (1975).

We have also stated the general rule to be that, when a controversy arises between the natural parents as to the custody of minor children, no presumption shall exist that one parent is more fit to have custody of the children than the other. *Turner v. Turner*, 205 Neb. 6, 286 N.W.2d 100 (1979). See, also, Neb. Rev. Stat. § 42-364(2) (Reissue 1978).

In the decree entered in this matter, the court found that Don was fully recovered from the depression he had suffered after his accident. This finding was based upon a psychological report and expert testimony taken from a psychologist who examined both Cheryl and Don. The psychologist concluded that, while neither parent was unfit to have custody, Don had stabilized himself as to the marital problems and his future goals, while Cheryl had not become emotionally settled with such problems or her immediate future plans with regard to the children. The evidence reveals that Don presently lives with his parents and children, but they all plan to move into a duplex. The paternal grandparents have indicated their willingness to babysit with their grandchildren and to aid their son should he need help in the future. Cheryl is presently living

with her mother with whom she shares an apartment. However, testimony revealed that her mother is planning to move to Colorado, and Cheryl was uncertain whether she would be able to maintain her present residence. Cheryl also testified that she was considering going to college, but has no definite plans as to her future.

The court specifically found that Don, during the period he has provided temporary care, has taken good care of the children. The living environment, with the aid of the paternal grandparents, was found to be stable and the grandparents indicated their willingness to sit with the children while their father is at work. After interviewing the eldest child, Tara, with the consent of counsel, the court found the children to be happy, healthy, and adjusted to their present home environment. The record is clear that Tara loves both of her parents, but did not want to be forced to decide with which parent to live. An emotional relationship between the children and their parents exists and is evidenced to be a strong one. We believe that the present custody arrangment is furthering the children's relationship with both parents, and that it is in the best interests of the children to be left with Don. We do not believe that thrusting them into a new living environment of uncertain stability would be in their best interests.

The decision of the trial court on the granting or changing of custody of minor children, while subject to review, will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. *Allen v. Allen,* 198 Neb. 544, 253 N.W.2d 853 (1977). From the review of the entire record, the trial court gave full and studied consideration to the best interests of Tara and Neil Kringel, and there is no showing that the trial court abused its discretion.

The award of custody of the children to Don is sup-

ported by the weight of the evidence, and we, therefore, affirm the judgment of the trial court.

AFFIRMED.

CLINTON, J., not participating.