WILLIAM R. KOCH, APPELLEE, V.
SANDRA L. KOCH, APPELLANT.

312 N.W.2d 294

Filed November 6, 1981. No. 44056.

Timothy J. Augustyn of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellant.

William E. Gast of Gast & Kielty for appellee.

Heard before BOSLAUGH, MCCOWN, CLINTON, and BRODKEY, JJ., and STANLEY, District Judge.

BRODKEY, J.

Sandra L. Koch has appealed from an order of the District Court of Douglas County, Nebraska, dissolving the marriage of the parties and awarding custody of their minor child to the father, William R. Koch, with visitation rights to the mother, Sandra. The only assignment of error alleged by the appellant is that the order of the District Court is contrary to the law and against the clear weight of the evidence adduced at trial. We affirm.

The record reveals that the parties were married in Omaha, Nebraska, on August 24, 1974, and had one child, Cassandra Lee Koch, born October 15, 1976. Since the time of his marriage, William has been continuously employed as a dockworker with an Omaha truckline company, working the 4 a.m. to 12:30 p.m. shift. Sandra worked as a grocery store clerk and at a local clothing company after the marriage until she became pregnant. The appellant stayed at home with the child for 2 years after the child was born.

It appears that the parties' marital relationship began to deteriorate after the appellant returned to the work force in April of 1979. The appellant blames the deterioration on the time William spent in repairing cars and adding an addition to the house. During the period between April 1979 and the time of the trial in October of 1980, Sandra obtained employment at four separate businesses in the Omaha area. The evidence also discloses that during this period Sandra became involved in an extramarital relationship with another man.

The parties attempted counseling to resolve their

marital difficulties. After one visit, however, the psychiatrist informed William that he need not return. The doctor also informed Sandra that she should end her extramarital relationship, which she did for a short time; however, she admitted to reentering the relationship. Finally, in May of 1980, Sandra took her child and separated from her husband.

On July 2, 1980, William filed a petition for dissolution of marriage. The parties agreed to a temporary order for support and attorney fees, and the temporary custody of the child was granted to Sandra. In the final decree of the dissolution, entered by the trial court on November 21, 1980, custody of Cassandra was awarded to William, subject to reasonable rights of visitation by the respondent, Sandra. In addition, the court ordered that Sandra was not obligated to pay child support.

In determining the question of which parent should have care and custody of a minor child upon the dissolution of a marriage, the paramount consideration must be the best interests of the child. *Kringel v. Kringel*, 207 Neb. 241, 298 N.W.2d 150 (1980); *Curfman v. Curfman*, 207 Neb. 1, 295 N.W.2d 299 (1980); *Whitlatch v. Whitlatch*, 206 Neb. 527, 293 N.W.2d 856 (1980); *Sikes v. Sikes*, 205 Neb. 441, 288 N.W.2d 43 (1980). As was noted in *Christensen v. Christensen*, 191 Neb. 355, 215 N.W.2d 111 (1974), the judgment concerning the best interests of a child is quite subjective in nature and, this being so, many factors must be considered in light of the circumstances of each particular case. The general considerations of the moral fitness of the parents, the respective environments offered by each parent, the emotional relationships between the child and its parents, and the age, sex, and health of the child are some of the many factors for the court to consider. In evaluating the general concept of the best interests and welfare of the child, it is settled law that this court will give weight to the fact that the trial judge saw and observed the witnesses and the attitude of the parties at trial. In addition, this court has stated that sexual mis-

conduct is a factor, although not necessarily determinative, which may be properly considered in determining the best interests of the child. *Ahlman v. Ahlman*, 201 Neb. 273, 267 N.W.2d 521 (1978); *Lockard v. Lockard*, 193 Neb. 400, 227 N.W.2d 581 (1975).

We have also stated the general rule to be that when a controversy arises between the natural parents as to the custody of a minor child, no presumption shall exist that one parent is more fit to have custody of the child than the other. *Turner v. Turner*, 205 Neb. 6, 286 N.W.2d 100 (1979). See, also, Neb. Rev. Stat. § 42-364(2) (Reissue 1978).

In the decree entered in this matter, the court found that both parties were fit and proper persons to have the care, custody, and control of Cassandra, but that the best interests of the child would be served by awarding custody to the father. At trial, the court made it clear that its findings were not based on the extramarital relationship maintained by the appellant. The evidence adduced at trial clearly supports the order of the court. Evidence as to the living environment of the parties reveals that William demonstrated a healthy daily routine during the time the parties were married. William did most of the household chores, washed the clothes, bathed Cassandra, read to her, and did the dishes. The appellee has maintained steady employment and his parents have indicated a willingness to assist him with the upbringing of his daughter.

The evidence in regard to the appellant reveals that she did not maintain a clean living environment; and her own mother, Barbara Fulkerson, testified that Sandra did not maintain a clean house. The appellant has not maintained stable employment and has indicated uncertainty as to her future finances. She has indicated a willingness to find a roommate, but has no one definite in mind. The appellant's sister has offered to live with her, but it was indicated that she would be getting married shortly after the trial. The evidence is unclear as to both the stability of the home environment and the

proper financial support that Cassandra could expect to receive from her mother.

The discretion of the trial court in the granting or changing of custody of minor children, while subject to review, will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. *Allen v. Allen,* 198 Neb. 544, 253 N.W.2d 853 (1977). From a review of the entire record, the trial court gave full and studied consideration to the best interests of Cassandra, and there is no showing that the trial court abused its discretion.

The award of custody to William is supported by the weight of the evidence, and we therefore affirm the judgment of the trial court.

AFFIRMED.