WILLIAM L. CHALUPA, APPELLANT, V. KELCY A. CHALUPA, APPELLEE.

371 N.W.2d 706

Filed August 9, 1985.   No. 84-698.

Steven O. Stumpff, for appellant.

John O. Sennett of Black, Sennett & Roth, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Petitioner has appealed from a judgment of the district court which, in granting a decree of dissolution of marriage, awarded custody of the parties' minor child to the respondent wife. In his appeal petitioner has assigned as errors the action of the trial court in limiting the time within which each party might present evidence, the refusal of the trial court to appoint a guardian ad litem, and the awarding by the court of child custody to the respondent.

The parties were married in January of 1982, and to that marriage one daughter, Kodi, was born on October 13, 1982. The parties separated in November of 1983, when respondent took Kodi to Alaska to visit respondent's parents. The following month, petitioner filed this action. The trial court, on May 10, 1984, awarded temporary custody of the minor child to the petitioner, but the final decree of July 20 granted permanent custody to the respondent.

The court entered a pretrial order in which each party was granted 3 hours for presentation of his or her case and one-half hour each for rebuttal. Although petitioner asserts that this order was made over his objection, nothing to that effect appears in the record.

Where evidence or rulings do not appear in the record, they cannot be considered on appeal. *Kleeb v. Kleeb*, 210 Neb. 637, 316 N.W.2d 583 (1982). Therefore, we deal only with a pretrial order in which no objection appears of record. Where a pretrial order improperly restricts the issues, nevertheless the parties are bound by it at trial and on appeal, if no objection has been made, unless it does violence to the issues raised by the petition. *Zavoral v. Pacific Intermountain Express*, 181 Neb. 40, 146 N.W.2d 796 (1966). In any event, no showing of prejudice was made by the petitioner, and we do not agree that the trial court's order constituted an abuse of discretion.

The appointment of a guardian ad litem is a matter involving the discretionary powers of the court. Neb. Rev. Stat. § 42-358(1) (Reissue 1984). Generally speaking, we have said

that adequate representation by counsel for the respective parties and the independent investigative powers and duties of the court, together with its continuing jurisdiction over minor children, adequately protect the children's interests and render unnecessary the extra expense and delay of cases by court appointment of counsel to independently represent the children. *Ford v. Ford,* 191 Neb. 548, 216 N.W.2d 176 (1974).

The main issue remaining is the granting of custody to the respondent.

> Custody matters are initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. In our de novo review, where the evidence is in conflict, we will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another.

*Parsons v. Parsons,* 219 Neb. 736, 365 N.W.2d 841, 842 (1985).

The record contains a great deal of testimony as to the relative merits and detractions of the two parties as custodial parents. In considering the best interests of the child so as to determine the question of which parent should have the care and custody of the child, although we review the record de novo, great weight will be given to the fact that the trial court observed the witnesses and their manner of testifying. *Koch v. Koch,* 209 Neb. 896, 312 N.W.2d 294 (1981).

From a de novo review of the record, we determine that there is no showing of an abuse of discretion on the part of the trial court, and the award of custody to respondent is supported by the weight of the evidence.

The judgment of the district court is affirmed. Respondent is awarded a fee for her attorney of $1,000.

AFFIRMED.